IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ESW HOLDINGS, INC. | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 6:19-CV-44-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| ROKU, INC. | § § | PATENT CASE |
| Defendant. | § § § | |

**PLAINTIFF'S RESPONSE TO ROKU, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff ESW Holdings, Inc. ("Plaintiff" or "ESW"), hereby submits this response in opposition to Roku, Inc.'s ("Defendant" or "Roku") Notice of Supplemental Authority in Support of Rule 12(b)(6) Motion to Dismiss ESW's Complaint. (Dkt. No. 14).

In its filing, Roku identified a newly issued opinion by the Court of Appeals for the Federal Circuit, citing *Trading Techs. Int'l, Inc. v. IBG LLC*, No. 2017-2323, 2019 WL 1907236 (Fed. Cir. Apr. 30, 2019). *Id.* at 1. While the case Roku cited is indeed newly issued, Roku completely mischaracterized ESW's position regarding the user interface in the '718 patent and, therefore, the applicability of this opinion to the present case.

Specifically, Roku states, "[i]n its Response, ESW cited a sister *Trading Technologies* case to argue that the generic "user interface" claimed in the '718 Patent confers patent eligibility." *See* Dkt. 14 at 1 (emphasis added). This portrayal of ESW's argument is plainly incorrect. In fact, ESW argues the '718 patent is eligible because it claims an improvement to a user interface -- not a generic user interface. ESW argued this position based on the *Trading Technologies* case no fewer than three times (emphasis added in all):

1

1. "But the interface <u>was a claimed improvement upon prior interfaces</u> where a price could change based on changing market conditions while the trade was being executed. *Id.* at 1006." (Dkt. 12 at 7).

2. "…the Federal Circuit held that <u>the representative claim recited a patentable improvement to user interface technology</u>. *Id.* at 1010, 1011. It solved problems in existing interface technology by providing a "highly intuitive, user-friendly interface with familiar notebook tabs for navigating the three-dimensional work-sheet environment," and was therefore patent eligible. *Id.* at 1008." (Dkt. 12 at 8).

3. Claim 1 of the '718 patent <u>recites an interface system that is an improvement over prior art modes</u> by allowing a technician to intuitively, easily, and rapidly create iTV applications, as well as templates for use in episodic video programs." (Dkt. 12 at 8).

Roku's disingenuous characterization of ESW's arguments render its Notice of Supplemental Authority completely inapplicable and of no value to the present case.

Date: May 6, 2019	Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Conor M. Civins*
Conor M. Civins
Texas Bar No. 24040693
conor.civins@pillsburylaw.com
Michael Chibib
Texas Bar No. 00793497
michael.chibib@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone:  (512) 580-9611
Facsimile:   (512) 580-9601

*Attorneys for Plaintiff ESW Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>*/s/ Conor M. Civins*
>Conor M. Civins