**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ESW HOLDINGS, INC.** | § | |
| | § | |
| **Plaintiff / Counterclaim-defendant,** | § | **CIVIL ACTION NO.: 6:19-CV-00044** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **ROKU, INC.** | § | **PATENT CASE** |
| | § | |
| **Defendant / Counterclaim-plaintiff.** | § | |

**ROKU, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
**IN RESPONSE TO ESW HOLDINGS, INC.'S COMPLAINT**

Defendant Roku, Inc. ("Roku") files this, its Answer, Affirmative Defenses, and

Counterclaims, to Plaintiff ESW Holdings, Inc. ("ESW") Complaint (Dkt. No. 1). Roku denies

the allegations and characterizations in the Complaint unless expressly admitted in the following

headings and numbered Paragraphs, which correspond to those in the Complaint:

**PARTIES**

1.      Roku lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      Roku admits that it is a Delaware corporation. Roku further admits that it has an

office in the District but that office is for development of technology not at issue in this case or

otherwise accused in the Complaint. Roku denies any remaining allegations in Paragraph 2 of the

Complaint.

3.      Admitted.

4.      Roku admits that it offers Roku® streaming players that can connect to a TV.

Roku further admits that it offers Roku TVs™ that integrate Roku and TV manufacturer's

technologies. Roku denies any remaining allegations in Paragraph 4 of the Complaint.

5.      Roku admits that it offers a "More Ways to Watch" feature. Roku further admits

it offers the ability for developers to design aspects of the streaming experience on Roku's

platform. Roku denies any remaining allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Roku admits that the Complaint purports to set forth an action for patent

infringement under the Patent Laws of the United States, 35 U.S.C. § 271. Roku denies any

remaining allegations in Paragraph 6 of the Complaint, including any allegations of

infringement.

7.      Roku admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a) at least in regard to issues pertaining to patent infringement under the

Patent Laws of the United States, 35 U.S.C. § 271. Roku denies any remaining allegations in

Paragraph 7 of the Complaint, including any allegations of infringement.

8.      For purposes of this action, Roku does not contest whether personal jurisdiction

over it properly lies in this District. Roku denies any remaining allegations in Paragraph 8 of the

Complaint, including any allegations of infringement.

9.      For purposes of this action, Roku does not contest whether venue is proper in this

District. However, Roku denies that there is not a more convenient venue based on the

allegations in this action. Roku denies any remaining allegations in Paragraph 9 of the

Complaint, including any allegations of infringement.

## PATENTS-IN-SUIT

10.     Roku admits that a purported copy of U.S. Patent No. 9,451,294 ("the '294

Patent") is attached to the Complaint as Exhibit A. Roku admits that the '294 Patent is entitled

"Methods and systems for distributing interactive content" and shows as being issued by the

United States Patent and Trademark Office ("USPTO") on September 20, 2016. Roku denies any remaining allegations in Paragraph 10 of the Complaint.

11-12.  Roku lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 11-12 of the Complaint and therefore denies them, including any allegations of infringement.

13.    Denied.

14.    Roku admits that a purported copy of U.S. Patent No. 9,420,349 ("the '349 Patent") is attached to the Complaint as Exhibit B. Roku admits that the '349 Patent is entitled "Methods and systems for monitoring a media stream and selecting an action" and shows as being issued by the USPTO on August 16, 2016.  Roku denies any remaining allegations in Paragraph 14 of the Complaint.

15-16.  Roku lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 15-16 of the Complaint and therefore denies them, including any allegations of infringement.

17.    Denied.

18.    Roku admits that a purported copy of U.S. Patent No. 7,260,782 ("the '782 Patent") is attached to the Complaint as Exhibit C. Roku admits that the '782 Patent is entitled "Method and system for generating flexible time-based control of application appearance and behavior" and shows as being issued by the USPTO on August 21, 2007. Roku denies any remaining allegations in Paragraph 18 of the Complaint.

19-20.  Roku lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 19-20 of the Complaint and therefore denies them, including any allegations of infringement.

21.    Denied.

22.     Roku admits that a purported copy of U.S. Patent No. 7,430,718 ("the '718 Patent") is attached to the Complaint as Exhibit D. Roku admits that the '718 Patent is entitled "Configurable interface for template completion" and shows as being issued by the USPTO on September 30, 2008. Roku denies any remaining allegations in Paragraph 22 of the Complaint.

23-24.  Roku lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 23-24 of the Complaint and therefore denies them, including any allegations of infringement.

25.     Denied.

26.     Roku admits that a purported copy of U.S. Patent No. 8,682,945 ("the '945 Patent") is attached to the Complaint as Exhibit E. Roku admits that the '945 Patent is entitled "Method and system for authoring multiple application versions based on audience qualifiers" and shows as being issued by the USPTO on March 25, 2014. Roku denies any remaining allegations in Paragraph 26 of the Complaint.

27-28.  Roku lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 27-28 of the Complaint and therefore denies them, including any allegations of infringement.

29.     Denied.

## COUNT I
## [ALLEGED] INFRINGEMENT OF THE '294 PATENT

30.     Roku re-avers and incorporates its responses to the allegations in Paragraphs 1 through 29 of the Complaint.

31-44.  Denied.

## COUNT II
## [ALLEGED] INFRINGEMENT OF THE '349 PATENT

45.     Roku re-avers and incorporates its responses to the allegations in Paragraphs 1

through 44 of the Complaint.

46-57.  Denied.

## COUNT III
## [ALLEGED] INFRINGEMENT OF THE '782 PATENT

58.     Roku re-avers and incorporates its responses to the allegations in Paragraphs 1 through 57 of the Complaint.

59-70.  Denied.

## COUNT IV
## [ALLEGED] INFRINGEMENT OF THE '718 PATENT

71.     Roku re-avers and incorporates its responses to the allegations in Paragraphs 1 through 70 of the Complaint.

72-83.  Denied.

## COUNT V
## [ALLEGED] INFRINGEMENT OF THE '945 PATENT

84.     Roku re-avers and incorporates its responses to the allegations in Paragraphs 1 through 83 of the Complaint.

85-95.  Denied.

### [ESW'S] DEMAND FOR JURY TRIAL

Roku is not required to provide a response ESW's request for a trial by jury.

### [ESW'S] PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Complaint is required, Roku denies that ESW has any valid claim pursuant to 35 U.S.C. § 271 *et seq.* Roku further denies that it has violated any of the Patent Laws of the United States with respect to the '294 Patent, the '349 Patent, the '782 Patent, the '718 Patent, and/or the '945 Patent. Roku further denies that ESW is entitled to any of its requested relief, including that specified in subparagraphs A-F of ESW's Prayer for Relief, and Roku requests that the Court deny the relief requested by ESW.

**GENERAL DENIAL**

Roku further denies any allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Roku alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Roku undertakes the burden of proof only as to those defenses that are deemed affirmative defenses requiring such burden as a matter of law. In addition to the affirmative defenses described below, Roku specifically reserves all rights to allege additional affirmative defenses, including but not limited to those that become known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE—NON-INFRINGEMENT

Roku has not infringed directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '294 Patent, the '349 Patent, the '782 Patent, the '718 Patent, or the '945 Patent (collectively, "the Asserted Patents").

### SECOND AFFIRMATIVE DEFENSE—INVALIDITY

The Asserted Patents are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE—PROSECUTION HISTORY ESTOPPEL

The claims of the Asserted Patents are limited by the text of the Asserted Patents, the prosecution history, including that of related patents, and/or the prior art such that ESW is estopped, or otherwise precluded, from asserting that any claim of the Asserted Patents is infringed by Roku, either literally or by equivalents.

### FOURTH AFFIRMATIVE DEFENSE—ENSNAREMENT

ESW cannot argue that the claims of the Asserted Patents are broad enough that an accused product would be found to infringe under the doctrine of equivalents because such a

construction would render the claims invalid in view of the prior art.

### FIFTH AFFIRMATIVE DEFENSE—MARKING AND DAMAGES LIMITATIONS

To the extent ESW or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287, ESW cannot recover any damages for Roku's alleged infringement prior to the date the Complaint was filed. Further, ESW's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE—NO INJUNCTIVE RELIEF

ESW's claim for injunctive relief is barred because there exists an adequate remedy at law and ESW's claims otherwise fail to meet the requirements for such relief.

### SEVENTH AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM

ESW's Complaint fails to state a claim upon which relief can be granted.

## ROKU'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaimant Roku, Inc.

("Roku") alleges the following Counterclaims against Plaintiff/Counterclaim-Defendant ESW

Holdings, Inc. ("ESW"):

### NATURE OF THE ACTION

1.      Roku seeks a declaratory judgment of non-infringement and invalidity of U.S.

Patent No. 9,451,294 ("the '294 Patent"), U.S. Patent No. 9,420,349 ("the '349 Patent"), U.S.

Patent No. 7,260,782 ("the '782 Patent"), U.S. Patent No. 7,430,718 ("the '718 Patent"), and

U.S. Patent No. 8,682,945 ("the '945 Patent") (collectively, the "Asserted Patents") pursuant to

the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, damages, and such other relief as the

Court deems just and proper.

### PARTIES

2.      Roku is a corporation organized and existing under the laws of Delaware and has

an office at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

3.      On information and belief based solely on Paragraph 1 of the Complaint as pled

by ESW, ESW is a corporation existing under the laws of Delaware with its principal place of

business at 401 Congress Avenue, Suite 2650, Austin, Texas 78701.

### JURISDICTION AND VENUE

4.      If subject matter jurisdiction is proper for ESW's claims, this Court has

jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331,

1338, 1367, 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5.      ESW has subjected itself to personal jurisdiction in this District by filing suit

against Roku in this District.

6.      ESW has consented to venue in this District by filing suit against Roku in this

District.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE '294 PATENT

7.      Roku incorporates by reference the preceding paragraphs of Roku's

Counterclaims as though fully set forth herein.

8.      ESW has accused Roku of infringing the '294 Patent by having made, used,

offered for sale, sold, or imported the "More Ways to Watch" feature and by continuing to make,

use, offer for sale, sell, or import the "More Ways to Watch" feature.

9.      As a result of the acts described in the foregoing Paragraphs, there exists an actual

and justiciable controversy between Roku and ESW regarding the alleged infringement of the

'294 Patent.

10.     Roku has not infringed and does not infringe (directly, indirectly, or in any other

manner) any valid and enforceable claim of the '294 Patent, either literally or under the doctrine

of equivalents.

11.     A judicial declaration of non-infringement is necessary and appropriate in order to

resolve this controversy and prevent ESW from continuing to allege infringement of the '294

Patent by Roku.

## COUNT II
## DECLARATION OF NON-INFRINGEMENT OF THE '349 PATENT

12.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims

as though fully set forth herein.

13.     ESW has accused Roku of infringing the '349 Patent by having made, used,

offered for sale, sold, or imported the "More Ways to Watch" feature and by continuing to make,

use, offer for sale, sell, or import the "More Ways to Watch" feature.

14.     As a result of the acts described in the foregoing Paragraphs, there exists an actual

and justiciable controversy between Roku and ESW regarding the alleged infringement of the
'349 Patent.

15.     Roku has not infringed and does not infringe (directly, indirectly, or in any other
manner) any valid and enforceable claim of '349 Patent, either literally or under the doctrine of
equivalents.

16.     A judicial declaration of non-infringement is necessary and appropriate in order to
resolve this controversy and prevent ESW from continuing to allege infringement of the '349
Patent by Roku.

### COUNT III
### DECLARATION OF NON-INFRINGEMENT OF THE '782 PATENT

17.     Roku incorporates by reference the preceding paragraphs of Roku's
Counterclaims as though fully set forth herein.

18.     ESW has accused Roku of infringing the '782 Patent by having made, used,
offered for sale, sold, or imported "Roku's Development Environment."

19.     As a result of the acts described in the foregoing Paragraphs, there exists an actual
and justiciable controversy between Roku and ESW regarding the alleged infringement of the
'782 Patent.

20.     Roku has not infringed and does not infringe (directly, indirectly, or in any other
manner) any valid and enforceable claim of the '782 Patent, either literally or under the doctrine
of equivalents.

21.     A judicial declaration of non-infringement is necessary and appropriate in order to
resolve this controversy and prevent ESW from continuing to allege infringement of the '782
Patent by Roku.

**COUNT IV**
**DECLARATION OF NON-INFRINGEMENT OF THE '718 PATENT**

22.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though fully set forth herein.

23.     ESW has accused Roku of infringing the '718 Patent by having made, used, offered for sale, sold, or imported "Roku's Development Environment."

24.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the alleged infringement of the '718 Patent.

25.     Roku has not infringed and does not infringe (directly, indirectly, or in any other manner) any valid and enforceable claim of the '718 Patent, either literally or under the doctrine of equivalents.

26.     A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege infringement of the '718 Patent by Roku.

**COUNT V**
**DECLARATION OF NON-INFRINGEMENT OF THE '945 PATENT**

27.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though fully set forth herein.

28.     ESW has accused Roku of infringing the '945 Patent by having made, used, offered for sale, sold, or imported "Roku's Development Environment."

29.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the alleged infringement of the '945 Patent.

30.     Roku has not infringed and does not infringe (directly, indirectly, or in any other

manner) any valid and enforceable claim of the '945 Patent, either literally or under the doctrine of equivalents.

31.     A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege infringement of the '945 Patent by Roku.

**COUNT VI**
**DECLARATION OF INVALIDITY OF THE '294 PATENT**

32.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though set forth fully herein.

33.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the validity of the '294 Patent.

34.     The claims of the '294 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 *et seq*., including but not limited to §§ 101, 102, 103, and 112.

35.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege validity of the '294 Patent.

**COUNT VII**
**DECLARATION OF INVALIDITY OF THE '349 PATENT**

36.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though set forth fully herein.

37.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the validity of the '349 Patent.

38.     The claims of the '349 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 *et seq*., including but not limited to §§ 101, 102, 103, and 112.

39.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege validity of the '349 Patent.

**COUNT VIII**
**DECLARATION OF INVALIDITY OF THE '782 PATENT**

40.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though set forth fully herein.

41.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the validity of the '782 Patent.

42.     The claims of the '782 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 *et seq*., including but not limited to §§ 101, 102, 103, and 112.

43.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege validity of the '782 Patent.

**COUNT IX**
**DECLARATION OF INVALIDITY OF THE '718 PATENT**

44.     Roku incorporates by reference the preceding paragraphs of Roku's Counterclaims as though set forth fully herein.

45.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and ESW regarding the validity of the '718 Patent.

46.     The claims of the '718 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 *et seq*., including but not limited to §§ 101, 102, 103, and 112.

47.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent ESW from continuing to allege validity of the '718 Patent.

## COUNT X
## DECLARATION OF INVALIDITY OF THE '945 PATENT

48.     Roku incorporates by reference the preceding paragraphs of Roku's

Counterclaims as though set forth fully herein.

49.     As a result of the acts described in the foregoing Paragraphs, there exists an actual

and justiciable controversy between Roku and ESW regarding the validity of the '945 Patent.

50.     The claims of the '945 Patent are invalid for failure to meet the conditions for

patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 *et seq*.,

including but not limited to §§ 101, 102, 103, and 112.

51.     A judicial declaration of invalidity is necessary and appropriate in order to resolve

this controversy and prevent ESW from continuing to allege validity of the '945 Patent.


## ROKU'S PRAYER FOR RELIEF

WHEREFORE, Roku requests that the Court enter a judgment in Roku's favor and grant

the following relief:

(a)     A judgment dismissing ESW's Complaint with prejudice;

(b)     A declaration that ESW has not infringed any claims of the Asserted Patents;

(c)     A declaration in favor of ESW that the asserted claims of the Asserted Patents are

invalid for failure to meet the conditions of patentability and/or otherwise comply with the

requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112;

(d)     An injunction against ESW and its affiliates, subsidiaries, assigns, employees,

agents, or anyone acting in privity or concert with ESW from charging infringement or

instituting or continuing any legal action for infringement of the Asserted Patents against Roku,

its customers, or anyone acting in privity with Roku;

- 15 -

(e)      An order declaring that Roku is the prevailing party and that this is an exceptional case, awarding Roku its reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

(f)      An order awarding Roku its costs and expenses of litigation, including but not limited to disbursements and expert witness fees; and

(g)      Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Roku respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 28, 2019                    Respectfully submitted,

By: */s/ Wasif H. Qureshi*_____
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, TX  77010
Telephone: (713) 752-4521

Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, TX  75201
Telephone: (214) 953-6000

**COUNSEL FOR DEFENDANT ROKU, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi