IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ESW HOLDINGS, INC.,** *Plaintiff,* | § § § | |
| *v.* | § § § | 6-19-CV-00044-ADA |
| **ROKU, INC.,** *Defendant.* | § § § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Roku, Inc.'s Motion for Summary Judgment (ECF No. 87), Plaintiff ESW Holdings, Inc.'s Response (ECF No. 117), and Roku's Reply (ECF No. 121). After having reviewed the Parties' briefs, case file, and applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment.

### I. BACKGROUND

This case concerns Roku's alleged direct infringement of U.S. Patent Nos. 9,420,349 (the "'349 Patent") and 9,451,294 (the "'294 Patent"). ESW is a Delaware software corporation and the owner of the '349 and '294 Patents (collectively the "patents-in-suit"). Pl.'s Compl., ECF No. 1 at ¶¶ 1, 11, 15. Roku, also a Delaware corporation, sells streaming players capable of connecting to television sets and licenses software to television manufacturers. *Id.* at ¶ 2. On February 8, 2019, ESW filed suit against Roku. *See generally id.* Specifically, ESW alleges that Roku's "More Ways to Watch" feature infringes claims 1, 8–11, and 15 of the '294 Patent and claims 7–10 of the '349 Patent. Def.'s Mot., ECF No. 87 at 1. "More Ways to Watch," if activated, hands off information to a functionality called automatic content recognition ("ACR") that attempts to determine what the TV viewer is watching. *Id*.

On January 12, 2021, Roku filed a motion for summary judgment of no direct infringement of the '349 and '294 Patents. *Id*. Roku contends that it does not infringe the method claims of the '349 and '294 Patent because it does not perform every step of the claimed methods. *Id.* Roku further maintains that although some steps are shared between Roku and Roku TV users, Roku neither directs nor controls its users such that the performance of all the steps of ESW's method claims are attributable to Roku. *Id.* Conversely, ESW maintains, inter alia, that Roku's instructions—provided to Roku TV users—are sufficient to show that Roku directs and controls the third party entities such that the performance of all the steps of at least one of ESW's method claims is attributable to Roku. Pl.'s Resp., ECF No. 117 at 9–10.

Finally, Roku further contends that it does not infringe ESW's lone asserted system claim—claim 11 of the '294 Patent—because it does not control all the components of the accused system. Def.'s Mot. at 11.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

## B. Divided Infringement

Direct infringement occurs when an entity "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). The Federal Circuit has held that, for method claims, direct infringement "occurs where all the steps of a claimed method are performed by or *attributable to a single entity*." *Akamai Tech., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (emphasis added). When the steps are performed by multiple entities, "a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id*. An entity is responsible for another's "performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*. (numerals original). Courts may find direct infringement "when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id*. at 1023. However, to show that a joint enterprise exists, a plaintiff must prove four elements:

> (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to have a voice in the direction of the enterprise giving equal rights of control.

*Id*.

## III. ANALYSIS

### A. Roku does not infringe ESW's asserted method claims.

ESW alleges that Roku infringes method claims 1 and 15 of the '294 patent. Pl.'s Resp. at 2. However, the Roku TV user—rather than Roku—performs steps 1(b), (e), (f), (g) and steps

15(b), (d), (e), (g). Def.'s Mot. at 5–6. ESW also alleges that Roku performs step 7(f) of the '349 patent's independent claim 7; ESW further alleges that the user performs steps 7(b)–(e). *Id*. at 9. To directly infringe a method claim, the performance of each method step must be done by or attributed to a single entity. *Akamai*, 797 F.3d at 1022. Thus, the issue before the Court is whether Roku directs and controls its users such that the users' performance of these method steps are attributable to Roku. This Court holds that Roku does not exercise such direction or control and, thus, does not infringe claims 1 or 15 of the '294 patent or claim 7 of the '349 patent.

Roku argues that it does not directly infringe ESW's method claims because Roku does not itself perform each step of ESW's claims. Def.'s Mot. at 5–6, 9. Additionally, Roku maintains that it is not liable to ESW under a theory of divided infringement. *Id*. Specifically, although ESW alleges that Roku's users perform some of the steps of the method claims, Roku contends that Roku neither (1) entered into a joint enterprise with its users; nor (2) directed and controlled its users in their performance of these steps. *Id*. at 7.

Roku asserts that there is no evidence that it has entered into a joint enterprise with its users. *Id.* at 7. In its response, ESW does not dispute that there is no evidence that Roku entered into a joint enterprise with its users. *See generally* Pl.'s Resp. (plaintiff makes no argument as to Roku's involvement in a joint enterprise). Therefore, to survive a motion for summary judgment of no direct infringement of the '294 and '349 patents, ESW must raise a genuine issue of material fact as to whether Roku directed or controlled its users in their performance of the method claim steps. *See Akamai*, 797 F.3d at 1022 (noting that an entity is liable for direct infringement based on another's acts only where the entity either directs or controls the other's performance or is in a joint enterprise with the other). Roku contends that, as a matter of law,

Roku neither directs nor controls its users to perform steps of the method claims of the patent-in-suit. Def.'s Mot. at 8, 10. Specifically, Roku observes that the accused service, More Ways to Watch ("MWTW"), is not a default setting, much less a mandatory one. *Id*. In fact, Roku contends that "the MWTW [display] . . . will not even appear on a Roku TV unless the user pushes a button on the Roku TV remote." *Id*. at 7. Roku maintains that it does not direct or control the user to either open the MWTW display or to use the functionality. *Id*.

ESW responds by arguing that Roku directs and controls Roku TV users by instructing users on how to perform the steps of the method claims. ESW relies on the Federal Circuit's "broadening" of divided infringement via its holding in *Travel Sentry* that conditioning the receipt of a benefit upon the performance of a method's step is a circumstance in which others' acts may be attributed to an accused infringer. Pl.'s Resp. at 9; *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 1781(Fed. Cir. 2017). Specifically, ESW's technical expert Dr. Shamos references the Roku TV User Guide, noting that "all a TV user must do is accept the automatic Roku TV pop-up screen that enables the [MWTW] feature on their Roku TV." Pl.'s Resp. at 9. In doing so, ESW highlights both that the hurdles in the user's path to access the MWTW feature are low and that Roku further instructs the user on how to overcome them. *Id*. Consequently, the vast majority—93.8%—of users enable the feature. *Id*. at 10. ESW infers from these facts that Roku "plays a significant role in designing, implementing, and setting all of the factors into play that result in the infringement of the asserted claims" and concludes that this inference is sufficient to establish a genuine issue of material fact as to whether the performance of the method claims' steps are attributable to Roku. *Id.*

Roku, in its Reply, contends that mere instruction is not sufficient to prove direction and control of a third-party for the purposes of divided infringement. Def.'s Reply, ECF No. 121 at 1

(citing *Lone Star Tech Innovations v. Asustek Comput.*, No. 6:19-CV-00059-RWS, 2020 WL 6803249, *7 (E.D. Tex. Jan. 14, 2020)). Roku further contends that the percentage of Roku TV users who enable the feature is not relevant to whether Roku directs and controls the users to do so. *Id*. Rather, Roku reiterates its position that MWTW is an optional feature that is not enabled by default and may be used in a non-infringing manner via the use of an antenna input. *Id.*

The Court finds Roku's arguments convincing. In contrast to Limelight's customers in *Akamai*, Roku TV users may enjoy the accused feature without performing the method steps at issue.Def.'s Mot. at 12; *Akamai*, 797 F.3d at 1024 (noting that Limelight's contract "deliniate[d] the steps customers *must* perform if they use the Limelight service")(emphasis added). Specifically, Roku TV users may access MWTW over an antenna input. Def.'s Mot. at 12. Moreover, Roku TV users do not have to use the MWTW feature at all and may still enjoy the benefits that Roku TVs provide. *Id*. at 13. Therefore, Roku does not condition the benefit of using the MWTW service upon the user's performance of method steps of the patents-in-suit.

Even assuming that Roku provides its users with instructions detailing how the users may activate the MWTW feature in an infringing manner, this Court finds the Eastern District's *Lone Star* decision persuasive. In *Lone Star*, the court noted that if a plaintiff's "allegations that a [defendant] instructs its customers to use the [accused product] in an infringing way, combined with some benefit achieved through infringement, were enough, every claim of induced infringement would also state a claim of divided infringement." *Lone Star*, 2020 WL 6803249, at *7. Moreover, the problem is compounded by the fact that Roku includes instructions detailing how Roku TV users may *disable* the MWTW feature. Pl.'s Resp. at 9. Holding Roku liable based on the instructions provided in the Roku TV User Guide would be to hold that Roku both directs its users to perform the partially infringing steps while, at the same time, also directing its users

to refrain from performing those same steps. For these reasons, the Court finds *Lone Star* is inapposite to the instant case and declines to expand the scope of divided infringement beyond what the Federal Circuit established in *Akamai*.

Without any other basis for establishing that the Roku TV users' performance of the steps of method claims 1, 7, and 15 are attributable to Roku, there is no genuine issue of material fact as to whether Roku infringes independent claims 1 or 15 of the '294 patent or claim 7 of the '349 patent, as well as those claims depending from them.

**B. Roku does not infringe ESW's only asserted system claim.**

ESW also asserts claim 11 of the '294 patent—a system claim—against Roku. Pl.'s Resp. at 11. Roku contends that three of the five components recited by claim 11 are not within its control and two of those components are solely within control of the Roku TV user. Def.'s Mot. at 10–11. Roku relies on *Centillion* to show that this lack of control establishes that Roku has not infringed claim 11. *Id*. at 11–12. In *Centillion*, the Federal Circuit held that—in the context of a system claim with components belonging to more than one entity—"to 'use' a system for purposes of infringement, a party must put the invention into service, i.e., control the system as a whole and obtain a benefit from it." *Centillion*, 631 F.3d at 1284. But there, the Federal Circuit decided that "[s]upplying the software for the customer to use is not the same as using the system." *Id*. Roku contends that to the facts in this case perfectly mirror the facts of *Centillion* and, thus, this Court should similarly find that Roku has not put the claimed system into operation. Def.'s Mot. at 12.

However, ESW, disputes the strength of Roku's case analogy. Pl.'s Resp. at 11. Specifically, ESW points out that the claim-at-issue in *Centillion* recited "a back end" that would be maintained by the service provider and "a front end" that would interface with the user;

however, ESW asserts that claim 11 has no such distinction. *Id*. Further, ESW contends that *Centillion* is limited in applicability, as that case chiefly concerned *uses* under § 271(a) whereas the statute holds liable any entity that "makes, uses, offers to sell, or sells . . . or imports" any patented invention. *Id*. 11–12. (quoting 35 U.S.C. § 271(a)). ESW alleges that Roku, via its licensing policies, makes, sells, or offers to sell the claimed system. *Id*. at 12.

Roku, in its Reply brief, briefly address claim 11 only to state that ESW's arguments do not demonstrate that Roku directs or controls "the operation of the complete accused system" and that ESW provides no discovery concerning TV manufacturers. Def.'s Reply at 2.

This Court concludes that Roku does not infringe claim 11 of the '294 patent. The difference in claim language between the claim-at-issue in *Centillion* and claim 11 is not dispositive; the relevant question is whether the defendant had control over each component of the system claim. The answer in both cases is no.

ESW incorrectly asserts that *Centillion* applies only to infringing *uses* of patented inventions rather than to infringing sales or makings. There, the Federal Circuit determined that Qwest did not infringe Centillion's system claim by unlawfully manufacturing the system. *Centillion*, 631 F.3d at 1288. The court reasoned that because Qwest only manufactured a part of the system; the user—by installing the client software and providing the "personal computer data processing means"—completed the system. *Id*. Likewise, Roku does not make, sell, or offer to sell the entire system recited in claim 11; it only makes, sells, or offers to sell a part of the system. Thus, as in *Centillion*, after noting that Roku neither controls each system component recited in claim 11 nor makes, sells, or offers to sell the claimed system, this Court turns to examining vicarious liability. *Id*. at 1286, 1288.

Notably, vicarious liability raises ostensibly the same question addressed above in section III.A—does Roku direct or control its users such that the operation of the system as a whole is attributed to Roku? *See id*. at 1286–87. Once again, this Court answers in the negative. As noted above, the most that ESW has offered to show that Roku directs and controls the actions of Roku TV users is Roku's instructions detailed in the Roku TV User Guide. But merely providing instructions to users regarding how they may use an alleged infringer's product does not suffice as direction and control. *Lone Star*, 2020 WL 6803249, at *7. Thus, without any other basis for determining that Roku directs or controls its users to put the claimed system into operation, there is no genuine issue of material fact as to whether Roku directly infringed claim 11. Therefore, Roku is entitled to summary judgment of noninfringement of claim 11 of the '294 patent.

## IV. CONCLUSION

For the reasons detailed above, Defendant Roku's Motion for Summary Judgment of No Direct infringement of U.S. Patent Nos. 9,420,349 and 9,451,294 is hereby **GRANTED**.

**SIGNED this 18th day of March, 2021.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**