**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ESW HOLDINGS, INC.,** | § | |
| | § | |
| **Plaintiff / Counterclaim-defendant,** | § | **CIVIL ACTION NO.: 6:19-CV-44-ADA** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **ROKU, INC.,** | § | **PATENT CASE** |
| | § | |
| **Defendant / Counterclaim-plaintiff.** | § | |
| | § | |

**[PROPOSED] AMENDED JOINT FINAL PRETRIAL ORDER**

Pursuant to the Court's Eighth Amended Order Governing Proceedings (Dkt. 69), Rule 16 of the Federal Rules of Civil Procedure, Local Rule CV16-(e), and the Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff ESW Holdings, Inc. ("ESW") and Defendant Roku, Inc. ("Roku") (each individually a "Party," and collectively the "Parties") submit this Proposed Amended Joint Final Pretrial Order.

The Parties may file one or more additional amended proposed final pretrial orders depending on advancement or elimination of issues prior to trial, including in view of any pre-trial rulings from the Court.

## I.   APPEARANCE OF COUNSEL

### A.   Counsel for ESW

ESW is represented by the following counsel:

Conor Civins
conor.civins@bracewell.com
Michael Chibib
michael.chibib@bracewell.com
Matthew Gates

matt.gates@bracewell.com
BRACEWELL LLP
111 Congress Ave., Suite 2300
Austin, Texas 78701

Jared Schuettenhelm
jared.schuettenhelm@bracewell.com
BRACEWELL LLP
701 Fifth Ave., Suite 6200
Seattle, Washington 98104

Scott Cole
scottcole@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
201 West 5th Street, 11th Floor
Austin, Texas 78701

ESW may add additional counsel as trial nears.


**B.     Counsel for Roku**

Roku is represented by the following counsel:

Wasif H. Qureshi
wqureshi@jw.com
Leisa Talbert Peschel
lpeschel@jw.com
Chris Cravey
ccravey@jw.com
Harris Huguenard
hhuguenard@jw.com
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521

Blake T. Dietrich
bdietrich@jw.com
Jackson Walker LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000

David N. Deaconson
deaconson@pakislaw.com
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, Texas 76703
Telephone: (254) 297-7300

Roku may add additional counsel as trial nears.

## II.   STATEMENT OF THE CASE

### A.   ESW's Position

ESW alleges that Roku has directly infringed U.S. Patent Nos. 7,260,782 ("the '782 Patent") and 7,430,718 ("the '718 Patent") (collectively, "the Asserted Patents") either literally and/or under the doctrine of equivalents. ESW asserts the following patent claims in this action (collectively, the "Asserted Claims"):

- '782 Patent: claims 1-2; and

- '718 Patent: claim 4.

ESW contends that the following instrumentalities infringe one or more of the Asserted Claims (collectively, "the Accused Instrumentalities"):

- The Roku Advanced Layout Editor ("RALE") and the Eclipse IDE with Roku Plugin for Eclipse;

- A system comprising the Roku Development Environment—Direct Server and a Roku Server ("Direct Publisher")

- The Roku Developer Environment—Ad Framework (which may also be called "RDE-Ad"); and

- The Roku Developer Environment—Up Next (which may also be called "RDE-UpNext")

ESW seeks damages that are adequate to compensate it for Roku's infringement, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284. In particular, ESW asserts that it is entitled to at least the following damages:

- A running royalty for the '718 Patent in the form of a 15% royalty rate applied to an apportioned royalty base; and

- A running royalty for the '782 Patent in the form of a 3% royalty rate applied to an apportioned royalty base.

ESW also seeks pre-judgment interest from the date of infringement to the date of judgment pursuant to 35 U.S.C. § 284, post-judgment interest and costs pursuant to 35 U.S.C. § 284, and any supplemental damages as appropriate. In addition, ESW seeks enhanced damages for willful infringement pursuant to 35 U.S.C. § 284.

In response to ESW's allegations, Roku has filed counterclaims alleging that it "does not infringe (directly, indirectly, or in any other manner) any valid and enforceable claim" of any of the Asserted Patents, and that "a declaration of non-infringement is necessary and appropriate" to prevent any continuing allegation of infringement. Roku has also filed counterclaims alleging that each of the Asserted Claims are invalid. ESW denies these allegations, denies that Roku is entitled to any requested relief, and contends that Roku's counterclaims should be dismissed with prejudice.

Roku has asserted the following affirmative defenses:

- Non-infringement of the Asserted Claims;

- Invalidity of the Asserted Claims;

- Prosecution history estoppel;

- Ensnarement;

- Marking and damages limitations;  and

- No injunctive  relief.

## B.    Roku's Position

This is a patent infringement lawsuit.  ESW alleges that Roku directly infringes  3 claims of the two Asserted Patents.[1] For these claims, ESW does not sufficiently or properly allege direct infringement,  particularly  not in any way that can be presented to the jury.

### 1.    Direct Infringement Allegations

Specifically, ESW alleges that Roku directly infringes  U.S. Patent Nos. 7,260,782  ("the '782 Patent") and 7,430,718  ("the '718 Patent). According  to ESW, the Asserted Claims  are infringed  by the following  accused technologies (collectively  "the Accused Instrumentalities"):

- '782 Patent, claims  1 and 2 – use of a system comprising  "Roku  Developer Environment  – Ad Framework ("RDE-Ad")";

- '782 Patent, claims  1 and 2 – use of a system comprising  "Roku  Developer Environment  – Up Next Feature ("RDE-UpNext")";

- '718 Patent, claim 4 – "a system comprising  Direct Publisher and a Roku  Server ("Direct Publisher")"; and

---

[1]  In the February 26, 2021 Proposed Joint Final Pretrial Order (Dkt. 126), ESW asserted for trial 32 claims from five patents: U.S. Patent No. 9,451,294  – claims 1, 8-11, and 15; U.S. Patent No. 9,420,349 – claims  7-10; U.S. Patent No. 7,260,782  – claims  1, 2, 3, 8, 9, and 12; U.S. Patent No. 7,430,718  – claims  1-5; and U.S. Patent No. 8,682,945  – claims  1, 2, 4-6, 9-12, 15, and 16. Since then, on March 16, 2021, ESW (i) withdrew the asserted claims of the '294 and '349 Patents after the Court indicated  that it would  grant Roku's Motion for Summary Judgment of No Infringement  (Dkt. 87) and (ii) withdrew certain asserted claims from the '718, '782, and '945 Patents. More recently, in preparation  of this Proposed Amended Joint Final Pretrial Order, ESW dropped any allegation  of infringement  with respect to the '945 Patent and withdrew additional  asserted claims from the '718 and '782 Patents (collectively  now, the "Asserted Patents"), leaving  3 claims  for trial.

■ '718 Patent, claim 4 – a system comprising "RALE and the Eclipse IDE with Roku Plugin for Eclipse ("RALE")".

### 2. DOE Allegations

For specific elements of certain Asserted Claims and for different Accused Instrumentalities, ESW alleges that the claim element, if not literally infringed, is alternatively met under the doctrine of equivalents. ESW only alleges that the doctrine of equivalents applies to a subset of the claim elements in claim 1 of the '782 Patent.

### 3. Roku's Defenses

Roku contends that it has not infringed the Asserted Claims, literally or under the doctrine of equivalents (for the applicable claim elements). Roku further contends that ESW's use of the doctrine of equivalents is barred by the prosecution history of the Asserted Patents and because such doctrine of equivalents allegations impermissibly broaden the applicable claims to encompass, or "ensnare," the prior art. Roku is entitled to findings and declaratory judgments of non-infringement of each Asserted Claim.

Roku further contends that the Asserted Claims are invalid in light of the prior art, both based on anticipation and obviousness. Roku contends that the Asserted Claims are invalid as lacking patent-eligible subject matter. Roku further contends that: claim 1 of the '782 Patent, and claim 2 through dependency, are invalid for indefiniteness. Roku is entitled to findings and declaratory judgment of invalidity of each Asserted Claim.

ESW is not entitled to an award of damages or injunctive relief. In the event that Roku is found to infringe an Asserted Claim that is not invalid, damages, if any, are limited to a reasonable running royalty, based on required notice, and applied up to the date of trial. Further, Roku denies that its alleged infringement was willful and that enhanced damages is appropriate.

Roku's stated contentions above do not mean that Roku believes ESW has put forward a triable case on any specific issue. For example, Roku contends that ESW has not put forward any sufficient basis for willful infringement. Further, Roku contends that ESW has failed to plead direct infringement for the '718 Patent.

Roku requests its costs, expenses, and attorney fees, including those based on a finding that this is an exceptional case under 35 U.S.C. § 285.

## III.   CONTENTIONS OF THE PARTIES

### A.   ESW's Contentions [2]

1. ESW contends that it is the owner of all right, title, and interest in and to the Asserted Patents, including the right to sue and recover damages for infringement of the Asserted Patents.

2. ESW contends that the Asserted Claims are valid and enforceable.

3. ESW contends that Roku has directly infringed, literally and/or under the doctrine of equivalents, claim 4 of the '718 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing the RALE and Eclipse IDE with Roku Plugin for Eclipse and Direct Publisher Accused Instrumentalities.

4. ESW contends that Roku has directly infringed, literally and/or under the doctrine of equivalents, claims 1 and 2 of the '782 Patent under 35 U.S.C. §

---

[2] ESW's contentions in this case are detailed in part in its pleadings, discovery responses, expert reports, and motions, including its *Daubert* motions and motion *in limine*. By providing these contentions, ESW does not concede that all of these issues are appropriate for trial. In addition, ESW does not waive any of its pending motions.

271(a) by making, using, selling, offering for sale, and/or importing the RDE-Ad and RDE-UpNext Accused Instrumentalities.

5.     ESW contends that it has been damaged by Roku's conduct and is entitled to damages adequate to compensate for Roku's infringement, but in no event less than a reasonable royalty. In particular, ESW contends that it is entitled to a running royalty for each of the Asserted Patents as described above. ESW also contends that it is entitled to pre-judgment interest from the date of infringement to the date of judgment pursuant to 35 U.S.C. § 284, post-judgment interest and costs as fixed by the Court pursuant 35 U.S.C. § 284, and any supplemental damages as appropriate.

6.     ESW contends that Roku's infringement is and has been willful, entitling ESW to enhanced damages pursuant to 35 U.S.C. § 284.

7.     ESW contends that Roku's affirmative defenses and declaratory judgment counterclaims are without merit. ESW further contends that any affirmative defenses that have not been specifically pled by Roku in its Answer and Counterclaim have been waived.

8.     ESW contends that Roku is not entitled to any fees or costs, including attorney's fees, expert's fees, costs, or expenses incurred in this action. ESW also asserts that Roku is not entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

**B.     Roku's Contentions**

By providing these contentions, Roku does not concede that all of these issues are appropriate for trial. In particular, Roku does not waive any of its pending or future filed motions, which if granted, would render some or all of these issues moot.

Roku's contentions in this case are detailed in part in its pleadings, discovery responses, expert reports, and Roku's motions, including its motions for summary judgment, *Daubert* motions, motion to strike ESW's experts' "erratas," and motions *in limine*.

1.    Roku contends that ESW did not plead direct infringement of the '718 Patent and that for this patents ESW has no triable case of direct infringement by Roku.

2.    Roku contends that it has not directly, under 35 U.S.C. § 271(a), infringed the Asserted Claims of the Asserted Patents, literally and/or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or importing the Accused Instrumentalities. ESW is not asserting indirect infringement and has been precluded from arguing indirect or divided infringement as to any Asserted Claim. *See* Dkt. 150 at 1.

3.    Roku contends that ESW cannot prove direct infringement of the '782 Patent by reason of Roku's purported sale or distribution of software containing instructions alleged by ESW to constitute a process within the meaning of 35 U.S.C. § 271(a).

4.    Roku contends that it has not directly infringed claim 4 of the '718 Patent, under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or importing the accused "system comprising Direct Publisher and a Roku Server ("Direct Publisher")."

5.    Roku contends that it has not directly infringed claim 4 of the '718 Patent, under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or

importing the accused "RALE and the Eclipse IDE with Roku Plugin for Eclipse ("RALE")."

6.   Roku contends that it has not directly infringed claims 1 and 2 of the '782 Patent, under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or importing the accused "Roku Developer Environment – Up Next Feature ("RDE-UpNext")."

7.   Roku contends that it has not directly infringed claims 1 and 2 of the '782 Patent, under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or importing the accused "Roku Developer Environment – Ad Framework ("RDE-Ad")."

8.   For the accused "system comprising Direct Publisher and a Roku Server ("Direct Publisher")," Roku contends that it has not directly infringed claim 4 of the '718 Patent for at least the following reasons (reference to the Accused Instrumentality is based on ESW's compilation/nomenclature/allegation):

- ESW did not sufficiently identify what it contends is the accused "Roku Development Environment";
- ESW did not provide an adequate or complete mapping of claim terms, including:
  - "GUI residing on a computer-readable medium"
  - "template author component" and its four claimed "components"
  - "layout window"
  - "placeholder object"
  - "display elements"
  - "template application"

- "episodic creator component" and its four claimed "components"

- "episodic application";

- ESW did not adequately address or identify the hardware components required by the claim;

- ESW relies on physical components not provided by Roku;

- ESW does not sufficiently identify how Roku directly infringes vis-à-vis the disparate technologies ESW relies upon; and

- ESW does not identify "a computer-readable medium" on which the claimed graphical user interface resides.

9.      For the accused "RALE and the Eclipse IDE with Roku Plugin for Eclipse ("RALE")," Roku contends that it has not directly infringed claim 4 of the '718 Patent for at least the following reasons (reference to the Accused Instrumentality is based on ESW's compilation/nomenclature/allegation):

- ESW did not sufficiently identify what it contends is the accused "Roku Development Environment";

- ESW did not sufficiently identify what it contends is the accused "Roku Advanced Layout Editor";

- ESW does not sufficiently identify how Roku directly infringes vis-à-vis the disparate technologies ESW relies upon;

- ESW did not provide an adequate or complete mapping of claim terms, including:

  - "GUI residing on a computer-readable medium"

  - "template author component" and its four claimed "components"

  - "layout window"

  - "placeholder object"

  - "display elements"

  - "template application"

  - "episodic creator component" and its four claimed "components"

  - "episode application";

- ▪ ESW did not adequately address or identify the hardware components required by the claim;

- ▪ ESW relies on physical components not provided by Roku;

- ▪ ESW relies on components not provided by Roku, such as the Eclipse IDE, which are instead configured, maintained, and offered by third parties; and

- ▪ For its direct infringement allegations against Roku, ESW improperly relies on unspecified third party end users to assemble various components and configure an accused system on their own computers.

10.    For the accused "Roku Developer Environment – Ad Framework ("RDE-Ad")," Roku contends that it has not directly infringed claims 1 and 2 of the '782 Patent for at least the following reasons (reference to the Accused Instrumentality is based on ESW's compilation/nomenclature/allegation):

- ▪ ESW did not sufficiently identify what it contends is the accused "Roku Development Environment";

- ▪ ESW does not sufficiently identify any instances of actual "use" of the claimed method;

- ▪ ESW does not sufficiently identify how Roku directly infringes vis-à-vis the disparate technologies ESW relies upon;

- ▪ ESW did not provide an adequate or complete mapping of claim terms, including:

  - • "authoring environment"

  - • "attribute editor"

  - • "program monitor"

  - • "the attribute change"

  - • "the index point"

  - • "index editor"

  - • "attribute monitor"

  - • "attribute generator"

  - • "computer system"

  - • "graphical user interface"; and

- ▪ ESW relies on components not provided by Roku, such as the Eclipse IDE, which are instead configured, maintained, and offered by third parties.

11. For the accused "Roku Developer Environment – Up Next Feature ("RDE-UpNext")," Roku contends that it has not directly infringed claims 1 and 2 of the '782 Patent for at least the following reasons (reference to the Accused Instrumentality is based on ESW's compilation/nomenclature/allegation):

- ▪ ESW did not sufficiently identify what it contends is the accused "Roku Development Environment";
- ▪ ESW does not sufficiently identify any instances of actual "use" of the claimed method;
- ▪ ESW does not sufficiently identify how Roku directly infringes vis-à-vis the disparate technologies ESW relies upon;
- ▪ ESW did not provide an adequate or complete mapping of claim terms, including:
  - • "authoring environment"
  - • "attribute editor"
  - • "program monitor"
  - • "index editor"
  - • "attribute monitor"
  - • "attribute generator"
  - • "computer system"
  - • "graphical user interface"
  - • "monitor"; and
- ▪ ESW relies on components not provided by Roku, such as the Eclipse IDE, which are instead configured, maintained, and offered by third parties.

12. Roku contends that the accused "Roku Developer Environment – Ad Framework ("RDE-Ad")" does not infringe any claims of the '782 Patent under

the doctrine of equivalents.  ESW relies on the doctrine of equivalents for the following claim elements:

Claim 1:

- "providing an attribute editor configured to allow one of creation, modification, and deletion of an attribute change"

- "providing an attribute monitor configured to observe execution by the computer system of the underlying program and the attribute change correlated with the underlying program"

- "providing an attribute generator configured to store the attribute change and the index point such that a computer system configured to execute the underlying program and the attribute change initiate the attribute change upon the index point being reached during execution of the computer system"

13.    Roku contends that the accused "Roku Developer Environment – Up Next Feature ("RDE-UpNext")" does not infringe any claims of the '782 Patent under the doctrine of equivalents.  ESW relies on the doctrine of equivalents for the following elements of claim 1:

- "providing a program monitor configured to monitor an underlying program"

14.    Roku contends that the doctrine of equivalents is inapplicable for each of those limitations, because ESW has failed to proffer a legally cognizable theory to support its infringement theory and because the limitations were added for patentability purposes and prosecution history estoppel prevents the doctrine of equivalents from being applied to those limitations.  Further, Roku contends that the doctrine of equivalents is not applicable under the doctrine of ensnarement.

15.    Roku contends that claim 4 of the '718 Patent is invalid under 35 U.S.C. §§ 102 and/or 103, at least based on the following prior art references:

- Rothwein

- U.S. Patent 7,594,181 ("Rothwein"), *Prototyping Graphical User Interfaces*, filed June 27, 2002, issued Sept. 22, 2009

- Jazdzewski

  - U.S. Patent 6,002,867 ("Jazdzewski"), *Development System with Methods Providing Visual Form Inheritance*, filed Oct. 24, 1996, issued Dec. 14, 1999

- Sluiman`

  - U.S. Patent 6,590,589 ("Sluiman"), *Automatic Generation of Fastpath Applications*, filed Nov. 29, 1999, issued July 8, 2003

16.   Roku contends that the prior art can be applied to the asserted claims of the '718 Patent to prove anticipation and obviousness based on at least the following:

- Rothwein anticipates claim 4 of the '718 Patent;

- Jazdzewski anticipates claim 4 of the '718 Patent;

- Sluiman anticipates claim 4 of the '718 Patent;

- Rothwein and any one or more of the following Jazdzewski or Sluiman renders obvious claim 4 of the '718 Patent;

- Jazdzewski and any one or more of the following Rothwein or Sluiman renders obvious claim 4 of the '718 Patent; and

- Sluiman and any one or more of the following Rothwein or Jazdzewski renders obvious claim 4 of the '718 Patent.

17.   Roku contends that each of the asserted claims of the '782 Patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least based on the following prior art references:

- Laughlin

  - U.S. Patent Application Publication US 2003/0084443 A1 ("Laughlin"), *System and Method for Creating Program Enhancements for Use in an Interactive Broadcast Network*, filed Nov. 1, 2001, published May 1, 2003`

- Fullerton

- U.S. Patent Application Publication US 2001/0033296 A1 ("Fullerton"), *Method and Apparatus for Delivery and Presentation of Data*, filed Jan. 18, 2001, published Oct. 25, 2001

- Shoff

  - U.S. Patent 6,240,555 ("Shoff"), *Interactive Entertainment System for Presenting Supplemental Interactive Content Together with Continuous Video Programs*, filed Mar. 29, 1996, issued May 29, 2001.

18.   Roku contends that the prior art can be applied to the asserted claims of the '782 Patent to prove anticipation and obviousness based on at least the following:

- Laughlin anticipates claims 1 and 2 of the '782 Patent;

- Fullerton anticipates claims 1 and 2 of the '782 Patent;

- Shoff anticipates claims 1 and 2 of the '782 Patent;

- Laughlin and any one or more of the following Fullerton or Shoff renders obvious claims 1 and 2 of the '782 Patent;

- Fullerton and any one or more of the following Laughlin or Shoff renders obvious claims 1 and 2 of the '782 Patent; and

- Shoff and any one or more of the following Laughlin or Fullerton renders obvious claims 1 and 2 of the '782 Patent.

19.   Roku contends that claim 1 of the '782 Patent (and asserted claim 2 depending therefrom) are invalid under 35 U.S.C. § 112 because the claim term "providing a program monitor configured to monitor an underlying program" is indefinite.

20.   Roku contends that the Asserted Claims are invalid under 35 U.S.C. § 101 as lacking patent-eligible subject matter.

21.   Roku contends that ESW is not entitled to any damages whatsoever.

22.   Roku contends that ESW is not entitled to a permanent injunction.

23.   Roku contends that, should any of the Asserted Claims be determined not invalid and infringed, ESW's damages calculations are inflated, inaccurate, and unsupported by the evidence. In particular, ESW has proffered a legally flawed

damages model, including grossly inflated royalty rates, without any explanation as to how the evidence, applied in connection with a *Georgia-Pacific* analysis, supports its model. *See, e.g.*, Dkt. 78 (Roku's *Daubert* Motion To Exclude Certain Opinions of ESW Damages Expert Marcus Reading).

24.     Roku contends that, should any of the Asserted Claims be determined not invalid and infringed, ESW's damages, if any, are limited to a reasonable running royalty applied up to the date of trial and that the running royalty should be limited to the economic benefit, if any, that Roku purportedly receives from its alleged infringement of any of the Asserted Patents.

25.     Roku contends that ESW cannot prove that it willfully infringed any valid Asserted Claim. If Roku is found to infringe any valid Asserted Claim, Roku contends that ESW is not entitled to enhanced damages under 35 U.S.C. § 284.

26.     Roku contends that this case is exceptional and that Roku is entitled to its costs, expenses, and reasonable attorney fees.

27.     Roku contends that ESW is not entitled to any supplemental damages, any accounting for damages or attorneys' fees, expenses, or costs.

## IV.     STIPULATIONS AND UNCONTESTED FACTS

The following facts are admitted, require no proof, and may be read to the jury by the Court or either Party:

1.     Plaintiff ESW Holdings, Inc. is a Delaware corporation with a business address at 401 Congress Avenue, Suite 2650, Austin, Texas 78701.

2.     Defendant Roku, Inc. is a Delaware corporation with a business address at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

3.     ESW filed Plaintiff's Original Complaint in this action on February 8, 2019.

4.      ESW is the owner of all right, title and interest of the Asserted Patents.

5.      The '782 Patent is entitled "Method and System for Generating Flexible Time-Based Control of Application Appearance and Behavior."

6.      The effective filing date for the '782 Patent is July 12, 2002.[3]

7.      The '782 Patent issued on August 21, 2007.

8.      The '782 Patent identifies Michael W. Wallace and Larry Alan Westerman as inventors.

9.      Claims 1 and 2 of the '782 Patent are at issue and asserted in this case against Roku.

10.     The '718 Patent is entitled "Configurable Interface for Template Completion."

11.     The effective filing date for the '718 Patent is September 9, 2004.

12.     The '718 Patent issued on September 30, 2008.

13.     The '718 Patent identifies Aimee Gariepy-Viles as the inventor.

14.     Claim 4 of the '718 Patent is at issue and asserted in this case against Roku.

## V.   CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motions, or rulings made at the pretrial conference on this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial. The Parties also do not waive any of their pending motions.

---

[3] The effective filing date encompasses any priority claim for the Asserted Patents.

A.      **Infringement**

1.      **ESW's Position**

a.      Whether ESW has shown by a preponderance of the evidence that RALE, Direct Publisher, RDE, RDE-Ad, and RDE-UpNext directly infringe any of the Asserted Claims.

i.      To prove direct infringement, ESW must show that the Accused Instrumentalities practice one or more of the Asserted Claims, literally and/or under the doctrine of equivalents.   Direct infringement may be found if Roku personally performed all acts necessary to infringe.

ii.      To determine literal infringement, the jury must compare the Accused Instrumentalities with each claim element to determine whether each claim element is met.    If an Accused Instrumentality includes or practices each claim element, then that Accused Instrumentality infringes the claim.

iii.      If an Accused Instrumentality does not literally infringe an Asserted Claim because a limitation is not identically present in the Accused Instrumentality, then ESW must show that the Accused Instrumentality infringes one or more of the Asserted Claims under the doctrine of equivalents. An element or step is equivalent to a claim limitation if a person having ordinary skill in the field of technology of the Asserted Patent would have considered the differences between them to be "insubstantial" or would have found that the structure or step (1) performs

substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the requirement for the claim that is not literally present.

b.   Whether ESW has shown by a preponderance of the evidence that Roku willfully infringed the Asserted Claims

i.   To prove that Roku willfully infringed the Asserted Claims, ESW must show that Roku knew of the Asserted Patents and deliberately infringed them.

2.   **Roku's Position**

**Objections to ESW's Position**

Roku objects to ESW's Position concerning the disputed infringement issues appropriate for trial. ESW incorrectly frames the disputed infringement issues as whether an Accused Instrumentality directly infringes the Asserted Claims, as opposed to whether ESW has met its burden to show that Roku (as opposed to an Accused Instrumentality) has directly infringed the Asserted Patents under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents (to the extent alleged by ESW), by making, using, selling, offering for sale, and/or importing an Accused Instrumentality with the required elements of the Asserted Claims.

Roku further objects to ESW's Position to the extent the description of the Accused Instrumentalities, particularly the grouping of accused technologies, deviates from the specific allegations contained in the expert report of its technical expert, Dr. Michael Shamos.

Roku further objects to ESW's Position to the extent it implies or seeks to expand ESW's infringement allegations under the doctrine of equivalents beyond the specific claim elements and the specific Accused Instrumentalities identified in the report of its technical expert.

Roku further objects to subparagraphs (a)(i)-(iii) and (b)(i) of ESW's Position as they are incomplete, confusing, and an unnecessary duplicative of the Court's Jury Instructions.

<u>**Roku's Position**</u>

Roku's Position concerning disputed infringement issues appropriate for trial are as follows:

a.  Whether ESW has proven by a preponderance of the evidence that Roku directly infringes claim 4 of the '718 Patent by making, using, selling, offering for sale and/or importing a "system comprising Direct Publisher and a Roku Server ("Direct Publisher")."

b.  Whether ESW has proven by a preponderance of the evidence that Roku directly infringes claim 4 of the '718 Patent by making, using, selling, offering for sale and/or importing "RALE and the Eclipse IDE with Roku Plugin for Eclipse ("RALE")."

c.  Whether ESW has proven by a preponderance of the evidence that Roku literally infringes claim 4 of the '718 Patent.

d.  Whether ESW has proven by a preponderance of the evidence that Roku directly infringes claims 1 and 2 of the '782 Patent by making, using, selling, offering for sale, and/or importing the accused "Roku Developer Environment – Up Next Feature ("RDE-UpNext")."

e.  Whether ESW has proven by a preponderance of the evidence that Roku directly infringes claims 1 and 2 of the '782 Patent by making, using, selling, offering for sale, and/or importing the accused "Roku Developer Environment – Ad Framework ("RDE-Ad")."

f.   Whether ESW has proven by a preponderance of the evidence that Roku literally infringes claims 1 and 2 of the '782 Patent.

g.   For the accused "Roku Developer Environment – Ad Framework ("RDE-Ad")," whether ESW has proven by a preponderance of the evidence that Roku infringes claim 1 of the '782 Patent under the doctrine of equivalents (for the specific elements alleged by ESW).

h.   For the accused "Roku Developer Environment – Up Next Feature ("RDE-UpNext")," whether ESW has proven by a preponderance of the evidence that Roku infringes claim 1 of the '782 Patent under the doctrine of equivalents (for the specific element alleged by ESW).

**B.    Invalidity**

1.    **ESW's Position**

**Objections to Roku's Position**

ESW objects to Roku's position concerning the disputed invalidity issues appropriate for trial to the extent it purports to include indefiniteness under 35 U.S.C. § 112, second paragraph, and 35 U.S.C. § 101.  This Court has already rejected Roku's arguments under § 112 and § 101. *See, e.g.*, Dkt. Nos. 16 and 45.  As such, Roku should not be allowed to raise these issues yet again during trial.

Further, any attempt to raise these legal issues with the jury is improper.  For example, indefiniteness is a matter of law drawn from the Court's performance of its duty as the construer of claims.  *Amgen, Inc. v. F. Hoffman-La Roche, Ltd.* 580 F.3d 1340, 1371 (Fed. Cir. 2009) ("Indefiniteness is a question of law"); *Funai Elec. Co., Ltd. v. Daewoo Elecs., Corp.*, 616 F.3d 1357, 1371 (Fed. Cir. 2010) ("The jury did not address this question [of indefiniteness], for the district court had reserved it to be resolved as a matter of law . . . . The issue of claim definiteness

receives plenary review, as a question of law"); *OPTi, Inc. v. Via Techs., Inc.*, 65 F. Supp. 3d 465, 474 (E.D. Tex. 2014) ("[I]ndefiniteness is 'a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims'") (citation omitted).   But as Roku acknowledges, it did not to raise indefiniteness of certain terms during claim construction even though it had every opportunity to do so.   Moreover, any terms not construed by the court during claim construction are deemed to have a plain and ordinary meaning, as Roku itself has acknowledged.   Roku's attempt to inject indefiniteness at trial thus contravenes this tenet of claim construction.   As a result, it is fundamentally prejudicial and improper to raise these issues now.

### ESW's Position

a.   Whether Roku has proven by clear and convincing evidence that any prior art reference or references invalidate the Asserted Claims under 35 U.S.C. §§ 102 and/or 103.

i.   To prove invalidity under 35 U.S.C. § 102, Roku must show that all of the requirements of a claim are present in a single piece of prior art.

ii.   To prove invalidity under 35 U.S.C. § 103, Roku must show that that the claimed inventions would have been obvious to persons having ordinary skill in the art at the time the Asserted Patents were filed.

2.   **Roku's Position**

### Objections to ESW's Position

Roku objects to ESW's Position concerning the disputed invalidity issues appropriate for trial.   ESW's statement is incomplete in that it omits pending invalidity issues raised by Roku in

its pleadings, discovery responses, and expert reports that are appropriate for trial. Roku objects to subparagraphs (a)(i)-(ii) and (b)(i)-(ii) as they are incomplete, confusing, and an unnecessary duplication of the Court's Jury Instructions.

**Roku's Position**

Roku's Position concerning disputed invalidity issues appropriate for trial are as follows:

a.      Whether the Asserted Claims of the '782 Patent and the '718 Patent are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

b.      Whether the Asserted Claims of the '782 Patent and the '718 Patent are invalid because they are obvious in view of the prior art under 35 U.S.C. § 103.

c.      Whether claims 1 and 2 of the '782 Patent are invalid as containing an indefinite claim term in violation of 35 U.S.C. § 112, second paragraph.[4]

d.      Whether the Asserted Claims of the '782 Patent and the '718 Patent are invalid under 35 U.S.C. § 101 as encompassing non-statutory subject matter.[5]

---

[4] Contrary to ESW's objections, the Court did not decided any indefiniteness issues for claims 1 and 2 of the '782 Patent. *See* Dkt. 35 at 3-8 (Joint Claim Construction Statement identifying only means-plus-function terms for claims of the '782 Patent that are no longer at issue). With more than 35 asserted claims at issue during claim construction, it was difficult for Roku to anticipate which of the myriad asserted claims would actually make it to trial. Indeed, ESW's case has now withered to only three asserted claims across two of the originally five asserted patents. Regardless, a claim construction dispute may arise at trial as to whether, for example, the phrase "providing a program monitor configured to monitor an underlying program" is indefinite. Federal Circuit precedent under *O2 Micro* requires that when there is a dispute as to the meaning of a claim term, the Court must resolve the dispute. *O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (holding that "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute.").

[5] Contrary to ESW's objections, the Court has not addressed § 101 invalidity for the '782 Patent. *See* Dkt. 16 (Order). For the '718 Patent, the Court denied Roku's Rule 12(b)(6) Motion to Dismiss noting that such motions are "viewed with disfavor and are rarely granted." *Id*. at 2 (quoting *Lormand v. US Unwired, Inc.*, 565 F.ed 228, 232 (5th Cir. 2009)). The Court further noted that its denial of Roku's Motion was based on the limited information before it at the early stage of the

### C.      Patent Damages and Remedies

1.      **ESW's Position**

    a.      If Roku is found to infringe any valid Asserted Claim of the Asserted Patents, the amount adequate to compensate ESW for that infringement, which in no event shall be less than a reasonable royalty.

    b.      The amount and manner of calculating an on-going royalty for Roku's continued infringement.

    c.      The amount and manner of calculating any pre-judgment and post-judgment interest.

    d.      The amount and manner of calculating any supplemental damages as appropriate.

    e.      Whether ESW has shown by preponderance of the evidence that it is entitled to enhanced damages under 35 U.S.C. § 284, and if so, the amount thereof.

2.      **Roku's Position**

**Objections to ESW's Position**

Roku objects to ESW's Position to the extent it implies or suggests entitlement to damages in excess of a reasonable royalty. To the extent Roku is found to infringe a valid Asserted Claim, ESW has not sought recovery of any alleged damages beyond a reasonable royalty. Roku further

---

litigation that Roku's Motion was considered. Dkt. 16 at 12 ("The Court finds that *at this stage*, Roku has not provided in its *Alice* step-two inquiry that the '718 Patent's claimed . . . improvements is routine or conventional.") (emphasis added). With the additional information obtained through discovery, Roku should be permitted to present its § 101 defense and have the issue decided by the Court or the jury. Certainly, if ESW attempts to broaden the scope of the '718 and '782 Patents in its infringement case at trial or suggest certain claim interpretations that raise indefiniteness issues, Roku should be allowed to raise § 101 and/or § 112 defenses and develop its trial record for the Court and/or the jury.

objects to ESW's damages theories as legally flawed, unreliable, and inaccurate, and particularly that ESW's sought royalty rates are arbitrary and without basis in evidence. *See, e.g.*, Dkt. 78 (Roku's *Daubert* Motion To Exclude Certain Opinions of ESW Damages Expert Marcus Reading).

## Roku's Position

Roku's Position concerning disputed damages issues appropriate for trial are as follows:

a.  The amount of reasonable royalty damages, if shown by a preponderance of the evidence by ESW, to which ESW is entitled, if any, if Roku is found to have infringed a valid claim of the '782 Patent.

b.  The amount of reasonable royalty damages, if shown by a preponderance of the evidence by ESW, to which ESW is entitled, if any, if Roku is found to have infringed a valid claim of the '718 Patent.

c.  Whether ESW has proven by clear and convincing evidence that Roku willfully infringed any Asserted Claim of the Asserted Patents.

d.  If willfulness is found, whether ESW is entitled to enhanced damages or supplemental damages.

e.  Whether this case is exceptional entitling Roku to an award of its attorneys' fees.

f.  Whether Roku is entitled to interest, attorneys' fees, expenses, or costs.

## D.   The Parties' Reservations

1.  Each party reserves the right to object to the language and substance of any proposed instructions and questions on any issue or theory proposed by the other party.

2.  ESW contends that all issues related to its claims for post-trial issues such as enhanced damages, ongoing royalties, and post and pre-trial interest should not

be submitted to the jury, and the jury should not be advised of ESW's claims for these limited post-trial issues.

## VI.   LIST OF WITNESSES

ESW's List of Witnesses is attached as Exhibit 1.

Roku's List of Witnesses is attached as Exhibit 2.

Each Party reserves the right to designate rebuttal witnesses and call any witness on the other Party's witness list. Each Party also reserves the right to call any other witness who has been deposed in this matter by deposition should the Court determine that the witness is unavailable to testify in person.

## VII.   LIST OF EXHIBITS

ESW's List of Exhibits with Roku's objections is attached as Exhibit 3.

Roku's List of Exhibits with ESW's objections is attached as Exhibit 4.

The Parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## VIII.   DEPOSITION DESIGNATIONS

ESW's Deposition Designations and Roku's Counter Deposition Designations, together with the Parties' respective objections, are attached as Exhibit 5.

Roku's Deposition Designations and ESW's Counter Deposition Designations, together with the Parties' respective objections, are attached as Exhibit 6.

The parties will continue to meet and confer regarding their respective objections and strive to resolve all remaining issues and objections prior to presenting them to the Court.

## IX.   TRIAL DISCLOSURES

1.   Identification of Live Witnesses

    a. For 1st day of trial, ESW shall identify by email to Roku no later than 3 p.m. the prior day of all witnesses ESW will present live, including the order of presentation.

    b. For the 2nd and subsequent days of trial, each party presenting one or more witnesses shall identify by email to the other party no later than 6 p.m. on the prior day of all witnesses, including the order of presentation.

2.    Identification of Witnesses by Deposition

    a. For the 1st day of trial, ESW shall identify by email no later than 3 p.m. two days prior of all witnesses ESW will presented by deposition, including an identification of any exhibits that will be shown to the jury during such deposition testimony.

    b. For the 2nd and subsequent days of trial, each party presenting one or more witnesses by deposition shall identify by email to the other party no later than 3 p.m. two days prior all witnesses the party will present by deposition, including an identification of any exhibits that will be shown to the jury during such deposition testimony. For example, if a witness will testify by deposition on a Wednesday, the presenting party must identify the witness by 3 p.m. on the previous Monday. At the same time, the disclosing party shall also identify, out of the party's deposition designations previously submitted in accordance with the Docket Control Order, those portions of the deposition it intends to present. The receiving party shall provide

objections to such witnesses by 7 p.m. the same evening. Such objections shall include objections and counter-designations to deposition designations previously submitted in accordance with the Docket Control Order. The initially disclosing party shall provide objections to the receiving party's counter-designations by 9 p.m. the same evening. The parties shall meet and confer by 10 p.m. the same evening to discuss any pending objections. Any unresolved objections will be raised with the Court the next morning.

c.  The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. If deposition testimony is to be played, the party that seeks to play the deposition testimony must also provide the opposing party, by 9:00 p.m. one day before the deposition testimony is to be played, a workable copy of the actual recording to be played (or the testimony to be read), including all designations and counter-designations. The parties shall cooperate in good faith to prepare the designated portions of the deposition for presentation at trial.

3.  Demonstratives

a.  The parties will exchange copies of all demonstratives and the identity of any non-preadmitted exhibit to be shown to the jury during opening statements no later than 5 p.m. the night before opening statements. The parties shall exchange objections to these

demonstratives and exhibits by 7 p.m. that evening. The parties shall meet and confer regarding any objections by 8 p.m. that evening. Demonstratives are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the demonstrative only includes factual descriptions of the underlying exhibit or testimony.

b.  During trial, each party shall provide by email no later than 7 p.m. each day a copy of all demonstratives that it will present during the direct examination the following day at trial with each direct examination witness, and the receiving party shall provide objections to such demonstratives by 9 p.m. The parties shall meet and confer regarding any objections by 10 p.m. that evening. The parties need not exchange demonstratives or exhibits for use in cross-examination.

c.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party. Demonstratives for direct examination and opening statements as well as trial exhibits must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the

parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion *in limine* or other exclusionary order, regardless of whether it was previously designated by the parties.

4.    Exhibits

a.    During trial, each party shall provide notice by email no later than 7 p.m. each day a good-faith identification of any exhibit expected to be used during direct examination with each direct examination witness the following day at trial, and the receiving party shall provide objections to such exhibits by 9 p.m. The parties shall meet and confer regarding any objections by 10 p.m. that evening.

b.    The parties agree that notice of a party's intended use of blowups (enlargements) of exhibits and of ballooning, excerption, highlighting, etc., of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the preceding paragraph.

c.    The parties will make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art, or trial for use during direct examination or opening—but not for cross-examination—by 7 p.m. two days before their intended use. In other words, if a non-documentary

demonstrative will be used on a Wednesday, it must be exchanged or made available by 7 p.m. on the previous Monday. The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7 p.m. the day before their intended use.

d.   The parties shall make good-faith efforts to resolve objections over the use of identified witnesses, testimony, and demonstratives prior to the subsequent day trial day by participating in a meet and confer following the identification of and objection to witnesses, testimony, and demonstratives each day.

The parties may agree to modify the above procedures in writing, subject to any order or instruction from the Court.

## X.   PROPOSED JURY INSTRUCTIONS

The Parties timely exchanged proposed jury instructions and objections to the other Party's proposed instructions. ESW's revised proposed jury instructions are attached as Exhibit 7. In an effort to create a consolidated set of disputed instructions, ESW has taken Roku's proposed revised jury instructions (attached as Exhibit 8) and has attempted to identify those instructions where there are clearly disputes, and provide the parties' proposals on those disputed instructions as ESW currently understands them.   For those instructions that are not specifically identified as "DISPUTED," ESW either (1) believes that the parties should be able to reach an agreement as it believes the parties' proposals are either identical or very similar, or (2) does not yet know if they

are disputed.  At this time, however, the parties have not reached an express agreement on those instructions.[6]

The Parties met and conferred on their respective proposals and have been diligently working to narrow disputes regarding the proposed instructions and will supplement Exhibits 7 and 8 as soon as possible with agreed instructions and consolidated disputed instructions.

The parties will continue to meet and confer regarding their respective objections and strive to resolve all objections and issues prior to presenting them to the Court.

## XI.   LIST OF PENDING MOTIONS

### A.   Roku's Pending Motions

1.   Roku's pending Motions are as follows:

| Dkt. No. | Date Filed | Title |
|---|---|---|
| 78 | Jan. 11, 2021 | Roku's *Daubert* Motion To Exclude Certain Opinions of ESW Damages Expert Marcus Reading (Reply filed at Dkt. 107) |
| 80 | Jan. 11, 2021 | Roku's Motion To Strike ESW's Expert's "Erratas" (Reply filed at Dkt. 100) |

## XII.   ESTIMATED LENGTH OF TRIAL

### A.   ESW's Position

The Court set jury selection for April 5, 2021, with trial to commence the same day.  Dkt. Nos. 139, 141.  ESW also understands that trial is scheduled for one week.  Assuming (1) that jury selection is completed within 4 hours on April 5, with 3 hours remaining for trial that day, and (2)

---

[6] Although the parties are diligently working to combine their respective jury instruction proposals, ESW's Exhibit 7 was only recently provided to Roku on March 24th. As of the filing of this Joint Pretrial Order, Roku has not had an opportunity to review or comment on ESW's Exhibit 7. At this stage, Roku's proposed jury instructions are contained solely in Exhibit 8. Roku and ESW, however, will continue to work on proposed jury instructions and will provide a joint submission pursuant to the Court's pre-trial instructions in the coming days.

that there will be approximately 7 hours before the jury on each remaining day, the total trial time would be approximately 31 hours, excluding jury selection. Split equally, this would give each side approximately 15.5 hours. ESW believes this is appropriate for the case.

**B.    Roku's Position**

ESW's case was recently narrowed from 32 asserted claims across five patents to 3 asserted claims across two patents. For the remaining 3 claims, ESW asserts direct infringement against Roku based on various combinations of different technologies, some of which are undisputedly provided by third parties. ESW's Accused Instrumentalities and infringement theories vary across the two Asserted Patents, and ESW is seeking different royalty rates depending on which of the two Asserted Patents is allegedly infringed. Specifically, ESW is seeking a different reasonable royalty rate for alleged infringement for each of the '782 Patent and '718 Patent.

As the case currently stands, Roku requests that each side be permitted 14 hours for direct, cross, and rebuttal examinations, exclusive of *voir dire*, opening statements, and closing arguments. Roku requests that each party receive an additional 30 minutes for its *voir dire*, 45 minutes for its opening statement, and 45 minutes for its closing argument.

Dated: March 25, 2021                          Respectfully submitted,

**BRACEWELL LLP**                              **JACKSON WALKER LLP**

*/s/ Conor M. Civins*                          *s/ Wasif H. Qureshi*
Conor M. Civins                                Wasif H. Qureshi
Texas Bar No. 24040693                         wqureshi@jw.com
conor.civins@bracewell.com                     Leisa Talbert Peschel
Michael Chibib                                 lpeschel@jw.com
Texas Bar No. 00793497                         Chris Cravey
michael.chibib@bracewell.com                   ccravey@jw.com
Matthew K. Gates                               Harris Huguenard
Texas Bar No. 24069770                         hhuguenard@jw.com
matt.gates@bracewell.com                       1401 McKinney, Suite 1900
111 Congress Avenue, Suite 2300                Houston, Texas 77010
Austin, Texas 78701                            Telephone:  (713) 752-4200
Telephone:  (512) 472-7800
Facsimile:   (800) 404-3970

Jared D. Schuettenhelm                         Blake T. Dietrich
Bracewell LLP                                  bdietrich@jw.com
701 Fifth Avenue, Suite 6200                   2323 Ross Ave., Suite 600
Seattle, WA 98104                              Dallas, Texas 75201
Telephone: (206) 204-6210                      Telephone:  (214) 953-6000
jared.schuettenhelm@bracewell.com

Scott Cole                                     David N. Deaconson
Quinn Emanuel Urquhart & Sullivan, LLP         deaconson@pakislaw.com
scottcole@quinnemanuel.com                     Pakis, Giotes, Page & Burleson, P.C.
201 West 5th Street, 11th Floor                P.O. Box 58
Austin, Texas 78701                            Waco, Texas 76703
                                               Telephone:  (254) 297-7300

***Counsel for Plaintiff ESW Holdings, Inc.***      ***Counsel for Defendant Roku, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been electronically served to all counsel of record pursuant to the Federal Rules of Civil Procedure on March 25, 2021.


*/s/ Conor M. Civins*
Conor M. Civins