# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ESW HOLDINGS, INC.,** | § | |
| | § | |
| *Plaintiff / Counterclaim-defendant,* | § | |
| **v.** | § | **CIVIL ACTION NO.: 6:19-CV-44-ADA** |
| | § | |
| **ROKU, INC.,** | § | |
| | § | |
| *Defendant / Counterclaim-plaintiff.* | § | |

## ROKU'S OPPOSITION TO ESW'S MOTION FOR A NEW TRIAL (DKT. 189)[1,2]

---

[1] Citations herein to ESW's Motion are with respect to the page numbers in the Court-stamped header.

[2] All emphasis added unless otherwise noted.

## <u>TABLE OF CONTENTS</u>

I.     THE ENTIRE BASIS FOR ESW'S MOTION WAS WAIVED—ESW'S
       MOTION STRIKINGLY FAILS TO ADDRESS THAT ESW FORWENT
       EVERY OPPORTUNITY AT TRIAL TO OBJECT TO OR SEEK OTHER
       RELIEF AS TO MR. COLE'S TESTIMONY ............................................................1

II.    ESW ADMITTED THAT ANY DISPUTE WITH MR. COLE WAS A
       "CREDIBILITY CONTEST"........................................................................................2

III.   ESW'S MOTION FALLS FAR SHORT OF MEETING THE STANDARD FOR
       A NEW TRIAL..............................................................................................................3

IV.    ESW'S MOTION FOR A NEW TRIAL SHOULD BE DENIED............................4

       A.     MR. COLE PROPERLY APPLIED CLAIM SCOPE FOR HIS OPINIONS............................4

       B.     ESW'S POST-VERDICT COMPLAINTS ABOUT MR. COLE WERE AT MOST
              CREDIBILITY ISSUES FOR THE JURY..............................................................................5

       C.     ESW WAIVED ANY OBJECTION TO THE JURY VERDICT............................................7

       D.     THE JURY VERDICT WAS NOT AGAINST THE GREAT WEIGHT OF THE
              EVIDENCE ...............................................................................................................9

              1.     Mr. Cole's testimony regarding the preamble of claim 4 of the '718
                     Patent was not at all harmful error ................................................................9

              2.     Mr. Cole's reference to "system" characterized his analytical style
                     in view of how the Court and parties without prior contention
                     described the accused technologies ...........................................................12

              3.     The jury's verdict of non-infringement is supported by other
                     evidence and the glaring lack thereof from ESW ......................................15

       E.     ROKU DID NOT VIOLATE RULE 26(E)(2) .............................................................17

              1.     Neither of ESW's complaints regarding Mr. Cole's testimony
                     relied on facts undisclosed to ESW during discovery ..............................17

              2.     Mr. Cole's testimony should not be stricken under FRE 702....................18

              3.     Rembrandt is easily distinguishable...........................................................19

              4.     Mar Com is also irrelevant.........................................................................20

V.     CONCLUSION.........................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaniz v. Zamora-Quezada*,
    591 F.3d 761 (5th Cir. 2009) ...................................................................................4

*Bicon, Inc. v. Straumann Co.*,
    441 F.3d 945 (Fed. Cir. 2006)...............................................................................17

*Brescia v. Ireland Coffee-Tea, Inc.*,
    73 F.R.D. 673 (E.D. Pa. 1977) ................................................................................2

*Carson v. Polly*,
    689 F.2d 562 (5th Cir.) ............................................................................................1

*Flowers v. S. Reg'l Physician Servs.*,
    247 F.3d 229 (5th Cir. 2001) .............................................................................8, 9

*Johnson v. Michelin Tire Corp.*,
    812 F.2d 200 (5th Cir. 1987) ...................................................................................2

*Mar Com Inc. v. F/V Hickory Wind*,
    120 Fed. App'x. 74 (9th Cir. 2005) .......................................................................20

*Navigant Consulting v. Williamson*,
    2006 WL 2422868 (N.D. Tex. Aug. 22, 2006)........................................................2

*One Beacon Ins. Co. v. T. Wade Welch & Assocs.*,
    841 F.3d 669 (5th Cir. 2016) .......................................................................4, 5, 15

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
    282 F.R.D. 655 (M.D. Fla. Jun. 4, 2012) ..............................................................19

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
    725 F.3d 1377 (Fed. Cir. 2013)..............................................................................19

*Simon v. United States*,
    891 F.2d 1154 (5th Cir. 1991) .................................................................................3

*Streber v. Hunter*,
    221 F.3d 701 (5th Cir. 2000) ...................................................................................3

*United States v. Pettigrew*,
    77 F.3d 1500 (5th Cir. 1996) ...................................................................................2

*Wellogix, Inc. v. Accenture, L.L.P.*,
    716 F.3d 867 (5th Cir. 2013) ..............................................................................4, 7

*Whitehead v. Food Max of Mississippi, Inc.*,
    163 F.3d 265. (5th Cir. 1998) ................................................................................4

*Wilson v. Waggener*,
    837 F.2d 220 (5th Cir. 1988) ............................................................................2, 8

**Other Authorities**

Fed. R. Civ. P. 37 ....................................................................................................18

Fed. R. Civ. P. 59(a)(1)(A) ......................................................................................4

Fed. R. Evid. 103(a)(1)(A) .....................................................................................2, 8

## **EXHIBIT LIST**

Exh. 1        Excerpts from January 6, 2021 Deposition Transcript of Dr. Michael
Shamos (Shamos Day 2 Dep. Tr.) (highlighting added)

I.      **THE ENTIRE BASIS FOR ESW'S MOTION WAS WAIVED—ESW'S MOTION STRIKINGLY FAILS TO ADDRESS THAT ESW FORWENT EVERY OPPORTUNITY AT TRIAL TO OBJECT TO OR SEEK OTHER RELIEF AS TO MR. COLE'S TESTIMONY**

Not only did Roku's technical expert Tipton Cole clarify on re-direct that he applied the same claim scope for his non-infringement and invalidity opinions—***which testimony ESW chose not to cross examine***—ESW made the intentional, express, and repeated decision at trial that the Court did not need to take up "anything" as to Mr. Cole's testimony:

| | |
|---|---|
| [THE COURT] | Anything else we need to take up today? |
| MR. [SCOTT] COLE:[3] | I think you had left Mr. Cole on call. Did you want to carry that over or I – |
| THE COURT: | ***Well, what I'd like to know now, is there anything the plaintiff would like to take up with respect to Mr. Cole?*** |
| MR. [SCOTT] COLE: | <u>**No**</u>, Your Honor. |
| THE COURT: | Okay. Then that's it. |

Trial Tr. (Vol. 3), 878:6–13; *see also id.* at 877:17–21 (ESW stating "No" in response to Court asking whether ESW had "anything" to take up at end of day of Mr. Cole's testimony); 878:21–22 (ESW again stating "No" to Court's question); 735:1–3 (ESW declining to re-cross Mr. Cole).

ESW's in-trial strategies for dealing with Mr. Cole's testimony were not limited to ESW's above decisions not to object to, re-cross, or seek to strike Mr. Cole's testimony. ESW also did not object to his testimony as being outside the scope of his expert reports (thus dispensing with the Rule 26 arguments in ESW's Motion). Nor did ESW move for judgment as a matter of law (on any issue), seek a curative instruction, or lodge an objection to the jury instructions to preserve challenge on any of the issues raised in its new trial motion.

Thus, ESW's Motion should be denied because ***its entire basis was waived.*** *See Carson*

---

[3] ESW's trial counsel.

1

*v. Polly*, 689 F.2d 562, 569 (5th Cir.) ("a party may not be heard to argue on a motion for a new

trial that the jury improperly considered inadmissible evidence if the party failed to object to the

admission of that evidence at trial") (citing *Brescia v. Ireland Coffee-Tea, Inc.*, 73 F.R.D. 673,

676 n.7 (E.D. Pa. 1977)); *Wilson v. Waggener*, 837 F.2d 220, 222 (5th Cir. 1988) ("In order to

preserve the admission of evidence as error for appellate review, an objection must be made at

trial."); *Navigant Consulting v. Williamson*, 2006 WL 2422868, *1 (N.D. Tex. Aug. 22, 2006)

("the failure to raise an objection at trial waives that objection, and the Court will not grant a new

trial on that count") (citing *Johnson v. Michelin Tire Corp.*, 812 F.2d 200, 210 n.8 (5th Cir.

1987)); *see also* Fed. R. Evid. 103(a)(1)(A) ("A party may claim error in a ruling to admit or

exclude evidence ***only if*** . . . ***a party, on the record, <u>timely</u> objects or moves to strike***.").[4]

## II.     ESW ADMITTED THAT ANY DISPUTE WITH MR. COLE WAS A "CREDIBILITY CONTEST"

Instead of seeking or preserving any relief from the Court about Mr. Cole's testimony,

ESW made the deliberate choice to treat its beliefs about Mr. Cole's testimony as an issue of

credibility solely for the jury to decide: "[W]e agree on one thing, and that is that the primary

issue for you is credibility. And that's a question that you get to decide and is well within your

experience to make those kinds of judgments. . . . That's up to you and how you saw Mr. Cole

versus Mr. Shamos. It is a credibility contest[.]" Trial Tr. (Vol. 4), 991:3–10 (ESW closing

argument).

The jury's complete defense verdict for Roku, which included a finding of invalidity by

clear and convincing evidence despite the testimony of ESW's technical expert Dr. Shamos,

---

[4] Even if ESW had moved to strike Mr. Cole's testimony a day after it was presented, which
ESW did not, that would have been untimely. *See United States v. Pettigrew*, 77 F.3d 1500, 1516
n.14 (5th Cir. 1996) (holding that a motion to strike testimony filed the following day does not
constitute a "timely objection" under Fed. R. Evid. 103(a)).

showed that ESW decisively lost the "credibility contest" it boiled the case down to in its closing argument.

Having unequivocally lost the case, and in a desperate attempt to undo the jury's verdict, ESW ignores it repeated and manifest failures during trial to now *ex post facto* challenge Mr. Cole's testimony.[5] But as apparent from the trial exchanges referenced in Section I *supra*, ESW expressly waived objection to Mr. Cole's testimony that ESW now takes issue with after the trial. Moreover, as further discussed in Section IV *infra*, Mr. Cole's testimony (which he clarified on re-direct without further cross or challenge by ESW) did not constitute harmful or prejudicial error, and there was abundant basis (including the lack of evidence from Dr. Shamos) for the jury to support its verdict notwithstanding ESW's now belatedly challenged testimony of Mr. Cole.

## III.   ESW'S MOTION FALLS FAR SHORT OF MEETING THE STANDARD FOR A NEW TRIAL

A motion for new trial must clearly show that "a manifest error of law" occurred at the trial. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1991) (citation omitted). The moving party has the burden to demonstrate harmful error justifying a second trial. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). When a party challenges the jury verdict, the court has no obligation to grant a new trial unless it finds the evidence—viewed in the light most favorable to the verdict—weighs so strongly and overwhelmingly in favor of one party that no reasonable

---

[5] Much of ESW's motion is devoted to what Mr. Cole stated in his expert reports served months before trial. Putting aside that expert reports are not trial evidence, if ESW felt that Mr. Cole's trial testimony was not aligned with his expert reports (which Roku disagrees with ESW about as discussed in Section IV.D *infra*), then it was incumbent on ESW to examine Mr. Cole **at trial** on those supposed inconsistencies and alleged disclosure deficiencies. At minimum, ESW should have objected to or raised such concerns with the Court during trial. But despite having every opportunity to raise issue with Mr. Cole's testimony at trial, ESW chose not to. ESW should not now, post-verdict, be awarded a mulligan to challenge Mr. Cole's testimony in ways it failed to raise with the Court during trial. To allow otherwise would defeat the purpose of having a trial.

person could arrive at a contrary conclusion. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 770 (5th Cir. 2009).

A district court should not grant a new trial on evidentiary grounds under Rule 59(a)(1)(A) unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 n.2. (5th Cir. 1998). A "district court abuses its discretion by denying a new trial 'only when there is an absolute absence of evidence to support the jury's verdict.'" *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (citations omitted). If the evidence at trial is legally sufficient to support the jury's verdict, a district court does not abuse its discretion by denying a motion for new trial. *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016) (citations omitted).

## IV.  ESW'S MOTION FOR A NEW TRIAL SHOULD BE DENIED

### A.  MR. COLE PROPERLY APPLIED CLAIM SCOPE FOR HIS OPINIONS

During cross-examination, Mr. Cole on his own offered to clarify some of his prior testimony to confusing questioning from ESW about the claim scope he applied for his non-infringement and invalidity opinions, to which the Court instructed him to wait for re-direct. Trial Tr. (Vol. 3), 719:6–16. And on re-direct, Mr. Cole made clear that he applied the same scope for those opinions:

| MR. DIETRICH:[6] | [ ] For purposes of your noninfringement presentation to the jury here today, for terms that the Court did not construe, what meaning did you apply to those specific terms? |
|---|---|
| MR. COLE: | Ordinary meaning. |
| MR. DIETRICH: | And did you apply that same scope with respect to your invalidity presentation to this jury here today? |
| MR. COLE: | Yes. I did. |

---

[6] Roku's trial counsel.

* * *

| | |
|---|---|
| MR. DIETRICH: | Did you apply the same standard for purposes of your presentation on invalidity and noninfringement to the jury? |
| MR. COLE: | Yes. I did. |

Trial Tr. (Vol. 3), 731:24–732:5; 732:12–14. And then notably, ***ESW chose not to re-cross Mr. Cole***. *Id*. at 735:1–3 (Mr. Chibib: "No recross, Your Honor.").[7]

## B. ESW's Post-Verdict Complaints About Mr. Cole Were At Most Credibility Issues For The Jury

At its core, ESW's Motion is nothing more than a credibility dispute about Mr. Cole (which the jury resolved in Roku's favor). *See* Dkt. 189 at 12–15. As the Fifth Circuit said in *OneBeacon*, "it is the function of the jury as the traditional finder of the facts and not for the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *OneBeacon*, 841 F.3d at 676 (citations omitted). Accordingly, and without objection from ESW, this Court instructed the jury that:

> ***You alone determine the amount of credibility or truthfulness of the witnesses.*** In weighing the testimony of the witnesses, you may consider the witness' manner and demeanor on the witness stand, any feelings or interest they might have in the case, any prejudice or bias they might have about the case and the consistency or inconsistency of the testimony considered in light of all circumstances.
>
> Has the witness been contradicted by other credible evidence? Has the witness made statements at other times that are contrary to those made on the witness stand? You must give the testimony of each witness the credibility you believe it deserves.
>
> * * *
>
> In weighing expert testimony you may consider his qualifications, the reason for the expert's opinions and the reliability of the information supporting the expert's

---

[7] ESW complains in its motion that Roku during re-direct did not ask Mr. Cole certain specific questions about the preamble of claim 4 of the '718 Patent (Dkt. 189 at 14), but ESW had every opportunity but chose not to get up on re-cross and ask those questions.

opinions, as well as the factors I have previously mentioned for weighing the testimony of other witnesses.

> ***Expert witness receives whatever weight and credit you think appropriate***, given all the other evidence you heard in the case. You're not required to accept the opinion of an expert, rather, you are free to accept or reject the testimony of experts just like with any other witnesses.

Trial Tr. (Vol. 4), 926:25–927:11 (Jury Instruction 1.6 (Witnesses)); 929:3–12 (Jury Instruction 1.8 (Expert Testimony)); *see also* Trial Tr. (Vol. 1), 40:8–21 (Court's preliminary instruction that: "Remember this: People make mistakes. A simple mistake by a witness does not necessarily mean the witness did not tell the truth as he or she remembered it. We're people. We sometimes remember things inaccurately. If a witness makes a misstatement, it is exclusively up to you to determine whether it was intentional as a falsehood or just a mistake. That is why we have you here to weigh the testimony of each witness. . . . [I]t's exclusively in your province to decide who is telling the truth and who is not.").

ESW's two main complaints now about Mr. Cole's testimony—(i) that he testified inconsistently about whether the preamble of claim 4 of the '718 Patent was limiting, and (ii) his characterization of claim 4 as a system claim[8]—merely went to the weight of Mr. Cole's testimony. At trial, ESW cross-examined Mr. Cole on these issues. *See, e.g.*, Trial. Tr. (Vol. 3), 710:15–716:7; 728:16–729:11. And after having every opportunity to highlight any alleged errors by Mr. Cole and then deciding not to raise with the Court any issue about his testimony, ESW during closing argument agreed that it boiled down to credibility: "But ***all of those things go to the credibility*** of [Mr. Cole's] testimony . . . And if using your commonsense and your knowledge of human nature, that will guide you to decide who was credible and who wasn't." Trial. Tr. (Vol. 4), 956:24–957:5; 991:3–10 (ESW: "we agree on one thing, and that is that the

---

[8] These issues are extensively addressed and refuted in Section IV.D *infra*.

primary issue for you is credibility").

Thus, by ESW's own decisions during trial, ESW synthesized the battle of the parties' technical experts as one of credibility, which the jury conclusively found Roku won. *See Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 883 (5th Cir. 2013) (concluding that district court did not abuse its discretion by denying motion for a new trial where movant "had the chance to highlight and dispute these errors through 'vigorous cross-examination' and the 'presentation of contrary evidence'").

### C.    ESW WAIVED ANY OBJECTION TO THE JURY VERDICT

ESW now asks this Court to step into the shoes of the jury after their unanimous verdict and reweigh the credibility of Mr. Cole and the sufficiency of his evidence. More specifically, ESW seeks to undo the jury's verdict in a post-trial motion when it ***decided not to do*** any of the following at any point before the verdict:

- object to Mr. Cole's testimony regarding the presumption that the preamble of claim 4 of the '718 Patent was not limiting absent a court order otherwise;

- object to Mr. Cole's testimony as being outside the scope of his expert reports;

- move to strike any portion of Mr. Cole's testimony;

- seek a curative instruction as to any aspect of Mr. Cole's testimony;

- raise a *Daubert* challenge to Mr. Cole;

- request a construction on whether the preamble of claim 4 was limiting;

- request a jury instruction regarding whether the preamble of claim 4 was limiting;

- request a jury instruction on the difference(s) between a *Beauregard* and system claim;

- preserve challenge on the issues raised in ESW's Motion by objecting to any relevant jury instruction on claim construction, infringement, non-infringement, validity, invalidity, credibility, or expert testimony; or

- make a Rule 50(a) motion for judgment as a matter of law regarding infringement or validity of claim 4.

Indeed, when the Court specifically asked ESW "is there anything the plaintiff would like to take up with respect to Mr. Cole?," ***ESW responded that it did not***. Trial Tr. (Vol. 3), 878:6–13 (ESW: "No, Your Honor."; COURT: "Okay. Then that's it.").

Moreover, upon Roku resting shortly after the conclusion of Mr. Cole's testimony, ESW failed to preserve any of the alleged errors now raised in its motion for new trial because ESW did not move under Fed. R. Civ. P. 50(a) on any issue at trial. The Fifth Circuit has stated that:

> If a party fails to move for judgment as a matter of law under *Federal Rule of Civil Procedure 50(a)* on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict *Rule 50(b)* motion ***and also its right to challenge the sufficiency of the evidence on that issue on appeal***.

> As such, "it is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error." . . . On plain error review, the question for this court "is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict . . . . If any evidence exists that supports the verdict, it will be upheld.

*Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001) (non-bolded italics in original; citations omitted). ESW therefore waived any post-trial objections to Mr. Cole's testimony and the sufficiency of the evidence to support the jury verdict. *See also* Fed. R. Evid. 103(a)(1)(A) ("A party may claim error in a ruling to admit or exclude evidence only if . . .a party, on the record, timely objects or moves to strike."); *see also Wilson v. Waggener*, 837 F.2d 220, 222 (5th Cir. 1988) ("In order to preserve the admission of evidence as error for appellate review, an objection must be made at trial.").

By deciding not to take any action with respect to Mr. Cole's testimony at trial (which would have prompted the Court to address any alleged lack of evidence), ESW made the strategic decision to move forward with the record evidence as it was and allow the jury to render a verdict without objection. Thus, ESW waived any ability to now challenge the sufficiency of the evidence on noninfringement and invalidity. *See* Section I *supra* (citing

8

additional cases finding waiver). ESW should not be given a second bite because it is unhappy that its strategies and decisions at trial were unsuccessful.

### D.   THE JURY VERDICT WAS NOT AGAINST THE GREAT WEIGHT OF THE EVIDENCE

Indeed, ESW did not cite a single Fifth Circuit case granting or affirming a new trial where the party seeking the new trial argued the verdict was against the great weight of the evidence but did not move for judgment as a matter of law at trial. As discussed in Sections I and IV.C *supra*, ESW waived its right to challenge Mr. Cole's testimony or the sufficiency of the evidence, and thus ESW's Motion should be denied on that basis alone. *See Flowers*, 247 F.3d at 238 (noting that if a Rule 50(a) motion is not filed, the party waives a challenge to the sufficiency of the evidence).

In addition, as will now be discussed, ESW's Motion should also be denied because (i) the motion is based on misrepresentations about the facts of this case and is inconsistent with ESW's own prior statements and positions, (ii) the jury's verdict was not against the great weight of the evidence presented at trial, and (iii) none of the issues ESW now complains of caused such harmful error as to require a new trial:

### 1.   Mr. Cole's testimony regarding the preamble of claim 4 of the '718 Patent was not at all harmful error

ESW points to cherry-picked portions of Mr. Cole's testimony for ESW's argument that he applied different claim scope for non-infringement and invalidity. *See, e.g.*, Dkt. 189 at 2. But as is known to ESW, during cross-examination, Mr. Cole realized a mistake he made in response to certain questions and sought to correct the record. Trial Tr. (Vol. 3), 719:6–8. The Court instructed that he defer any corrections until re-direct (*id*. at 719:9–16), and then contrary to ESW's characterization of his testimony, Mr. Cole testified that he applied the same claim scope in his noninfringement and invalidity analyses. *See* Section IV.A *supra* (citing Trial Tr. (Vol. 3),

731:24–732:5; 732:12–14).

Moreover, Mr. Cole's testimony that he presumed the preamble was not limiting did not cause harmful error, let alone not being incorrect in the first place. No order of this Court found the preamble of claim 4 to be limiting, and Mr. Cole accurately and repeatedly testified to that fact. Trial Tr. (Vol. 3), 697:5–11; 705:3–7; 713:7–11; 715:1–3 ("Once again, in my testimony today I said it's presumed that it's not limiting unless the Judge says otherwise.").

Most relevant is that (i) Mr. Cole's noninfringement claim analysis and opinions at trial did not rely on a noninfringement argument that Roku did not practice the preamble, and (ii) his invalidity analysis was that even if "interactive TV" in the preamble was limiting, Rothwein disclosed that. Trial Tr. (Vol. 3), 697:5–699:2; 704:12–705:9. As Mr. Cole specifically stated, the reason why he provided (ii) was in anticipation that Dr. Shamos might testify in rebuttal like he did during expert discovery that Rothwein did not disclose creating interactive TV applications. *Id*. at 704:7–17; 705:3–9 ("Q. So in your opinion is interactive TV a requirement for this claim?; A. [Mr. Cole]: **_No._** Once again, the interactive TV is only mentioned in the preamble which hasn't been determined to be limiting. But, you know, I just went ahead and covered it just in case."); *see also* Dkt. 190-4 (Shamos Validity Report), ¶ 307 (Dr. Shamos: "Nothing in Rothstein [*sic*] discusses using this for an interactive TV application."); ¶ 318 (Dr. Shamos faulting Mr. Cole for "stray[ing] from the language of the [preamble]": "Mr. Cole does not even try to show that Rothwein can be used to create interactive TV applications."); ¶¶ 321, 435–436 (Dr. Shamos opining that Mr. Cole has not shown that Rothwein meets the "creating interactive television applications" language in the preamble of claim 4).[9]

---

[9] These cited statements from Dr. Shamos effectively treating the "interactive TV applications" language in the preamble of claim 4 as needing to be disclosed by Rothwein are quite inconsistent with ESW's complaints now about Mr. Cole's trial treatment of the preamble.

Thus, it was perfectly reasonable for Mr. Cole during trial to disagree with Dr. Shamos's previously disclosed opinions about Rothwein and testify why Mr. Cole believed that Rothwein disclosed interactive TV applications (regardless of whether the preamble of claim 4 of the '718 Patent would be considered as limiting).

Contrary to ESW's assertions now, Mr. Cole did in his expert reports opine that he believed Rothwein disclosed the language in the preamble of claim 4 though fully acknowledging that the Court had not construed the preamble to be limiting. Dkt. 190-6 (Cole Non-Infringement Report), ¶ 46 ("***For any other claim term for which the Court did not provide a construction, I have applied the plain meaning of such term in my analysis. I understand that the Court has not held any preamble limiting.***"); Dkt. 190-5 (Cole Invalidity Report), ¶ 45 (same), ¶¶ 404, 539–541 (discussing Rothwein's disclosures as to preamble language "[w]ithout taking a position on whether the preamble is limiting").

Further, there is no meaningful issue about Mr. Cole factually noting in his reports that the '718 Patent Applicant during prosecution seemingly took the position that "computer-readable medium" in the preamble meant hardware in order to overcome a 35 U.S.C. § 101 rejection. Dkt. 190-6 (Cole Non-Infringement Report), ¶ 196; Dkt. 190-4, ¶ 259 (Dr. Shamos also recognizing that Applicant argued "computer-readable medium" in preamble was hardware). But despite Applicant's prosecution statements, because the Court had not construed the preamble to be limiting, Mr. Cole in his trial testimony did not rely on the preamble to show why Roku did not infringe.

ESW's citation to Roku fact witness testimony that Roku does not provide interactive TV is of no moment. *See* Dkt. 189 at 7 (ESW's citation to Robert Burdick trial testimony at Trial Tr. (Vol. 2), 597:18–598:3; 600:23–601:13). Mr. Burdick answered questions on cross regarding

what Roku does and drew a distinction between a viewer generally interacting with a channel (*e.g.,* selecting whether to watch the next episode) versus the concept of "interactive TV" (*e.g.*, answering trivia or survey questions about a show being watched). *See* Trial Tr. (Vol. 2), 597:18–598:3; 600:23–601:13. Mr. Burdick's testimony, in response to questions posed by ESW no less, were not in any way some admission that the claim 4 preamble should be treated as limiting. Nor was Mr. Burdick an expert witness or actually questioned about the '718 Patent.

At the end of the day, there is no actionable harmful error at all caused by Mr. Cole's testimony about whether the preamble was presumed not to be limiting as to the issue of infringement of claim 4 of the '718 Patent because ESW had less to prove for infringement if it did not have to show that Roku met the preamble language (as opposed to if the preamble had been construed as a limiting requirement of the claim). And as to the issue of invalidity, there was also no harmful error because Mr. Cole testified that Rothwein disclosed the preamble language (regardless of whether it was limiting). Trial Tr. (Vol. 3), 697:5–699:2; 704:12–705:9. Thus, Mr. Cole's trial testimony about the preamble of claim 4 of the '718 Patent is no basis whatsoever to undo the jury's verdict.[10]

### 2. Mr. Cole's reference to "system" characterized his analytical style in view of how the Court and parties without prior contention described the accused technologies

ESW's Motion mischaracterizes Mr. Cole's testimony as reclassifying claim 4 as a system claim instead of a computer-readable medium claim. *See, e.g.*, Dkt. 189 at 2. Mr. Cole repeatedly testified that claim 4 was directed at a graphical user interface ("GUI") residing on a computer-readable medium. Trial Tr. (Vol. 3), 672:25–673:6 ("Claim 4 is another independent

---

[10] Roku notes that ESW's arguments are specifically directed to claim 4 of the '718 Patent and not the asserted claims of the '782 Patent, and thus there is not even any alleged harmful error from Mr. Cole's testimony as to the jury's verdict that Roku does not infringe the '782 Patent.

claim. It's discussing a system—or it's expressed as a graphical user interface residing on a computer-readable medium, and we treat that like a system."); 728:25–729:11 ("Q. Okay. Claim 4 is a Beauregard claim or computer medium claim?; A. Yes."). Mr. Cole's testimony on cross-examination that it was "legally incorrect" to characterize claim 4 as a system claim was in no way an admission that his analysis was legally incorrect. Trial Tr. (Vol. 3), 729:5–8. Indeed, Mr. Cole knew and correctly noted to the jury that the specific legal characterization of the claim was a *Beauregard* or computer medium claim, but that he used "system" to explain his "analytical style." Trial Tr. (Vol. 3), 729:5–11.

Further, for at least the following reasons, ESW's complaints now that Mr. Cole harmfully erred by analytically approaching claim 4 as a system are irrational and even flatly inconsistent with Dr. Shamos and ESW's own conduct:

- Dr. Shamos's infringement analysis of claim 4 explicitly and repeatedly referred back to his infringement analysis of independent *system claim 1*. Dkt. 190-2 (Exhibit E to Shamos Infringement Report), at pp. 59–61 (referring back to system claim 1 elemental analysis for computer-readable medium claim 4 analysis).

- During his deposition, Dr. Shamos expressly characterized claim 4 as a system claim. Exh. 1 hereto (Shamos Day 2 Dep. Tr.), 37:15–22 ("*all the asserted ['718 Patent] claims are system claims*").

- ESW was on full notice months before trial that Mr. Cole would analyze the two-stage development process of claim 4 with each stage constituting a system (as opposed to a method claim analysis). Dkt. 190-6 (Cole Non-Infringement Report), ¶ 194.

- Without objection from ESW, on the very first day of trial, the Court described to the jury that the Roku technologies accused of infringing claim 4 were "system[s]." Trial Tr. (Vol. 1), 28:4–8 ("The technology that ESW has accused of infringement for the '718 patent is generically referred to as *a system* comprising direct publisher and a Roku server, *a system* comprising RALE, or R-A-L-E, and the Eclipse IDE with Roku plug-in for Eclipse.").

- Mr. Cole was clear at trial that claim 4 was directed to a computer-readable medium and approached his limitation-by-limitation analysis of claim 4 as a two-part system. Trial. Tr. (Vol. 3), 672:25–673:6; 687:15–19; 687:23–688:23; 728:25–729:11 (referring to his approach of claim 4 as a "system," "I was just trying to explain the

13

analytical style").

- ESW never moved to *Daubert* or otherwise strike any opinions of Mr. Cole, before or during trial.

- Without objection from ESW, the accused technologies were described in the Court's final jury instructions as "system[s]." Jury Instruction 1.14 (Nature of the Action and Contentions of the Parties): "For the '718 patent: '***a system*** comprising Direct Publisher and a Roku Server' and '***a system*** comprising RALE and the Eclipse IDE with Roku Plugin for Eclipse.'").

- ESW never objected to the Court's final jury instructions repeatedly referring to "system[s]" and making no reference to "computer-readable medium." Trial Tr. (Vol. 4), 934:16–23 (instructing the jury on infringement that "if ***a system*** or method satisfies each of these requirements. . ."); 935:3–15 (same); 938:2–6 (instructing that the jury "must compare the asserted patent claim to the accused technology); 938:21–24 (infringement only results "if Roku makes, uses, sells or offers to sell within or imports in the United States ***a system*** or method that is literally covered by a claim"); 939:8–940:1 (similar instruction).

As it was abundantly clear from the Court and ESW that the accused technologies were systems, it was perfectly reasonable for Roku to defend itself by soliciting testimony that alleged components of those accused systems did not exist, were not provided by Roku (*e.g.*, the Eclipse IDE), or otherwise did not meet the requirements of claim 4. *See, e.g.,* Trial Tr. (Vol 2), 382:4–11 (Dr. Shamos admitting needing Eclipse IDE for alleged infringement); 399:15–400:10 (Dr. Shamos admitting Roku does not provide Eclipse IDE); 414:11–19 (Dr. Shamos admitting IDEs required for Direct Publisher infringement allegations not provided by Roku); 547:11–548:5 (Mr. Burdick testifying there is no single, automated download of accused components); 551:13–21 (Mr. Burdick further confirming Roku does not provide Eclipse IDE); 552:4-16 (Mr. Burdick: "The Eclipse Foundation is not related to Roku at all."); *see also* Trial Tr. (Vol. 3), 652:24–653:4 (Mr. Cole: "The Eclipse IDE comes from the Eclipse Foundation website[.]"). In addition to the fact that Roku did not provide the accused Eclipse IDE component, Mr. Cole presented various other noninfringement positions tied to specific limitations of claim 4 on which the jury could have reached its verdict, including that the accused systems did not meet either the

14

"episode application" or "template application" limitations. Trial Tr. (Vol. 3), 673:14–677:23; 679:8–682:8; 684:1–9; 684:13–685:13; 688:8–16; 689:1–8.

Thus, by ESW's own conduct before and during trial, there was no prejudice or harm to ESW by Mr. Cole approaching his analysis of claim 4 like he would for a system claim (as opposed to for a method claim). And certainly Mr. Cole's analytical approach did not come close to causing harmful error now necessitating a new trial, especially when there was ample evidence—independent on whether Mr. Cole called claim 4 a system claim or a *Beauregard* claim—to support the jury's verdict that Roku did not infringe. Not to mention that it was ESW's legal and factual burden to prove infringement, not Roku's to prove non-infringement.

### 3. The jury's verdict of non-infringement is supported by other evidence and the glaring lack thereof from ESW

The jury's verdict of noninfringement as to all asserted claims is supported by evidence other than Mr. Cole's testimony, which is fatal to ESW's request for a new trial on infringement. *See OneBeacon*, 841 F.3d at 676 (noting no abuse of discretion in denying a new trial unless there is an "absolute absence of evidence to support the jury's verdict").

First, ESW alone bore the burden of proof on infringement. Trial Tr. (Vol 4), 930:5–23. ESW's strategy in presenting its technical expert Dr. Shamos was to literally have him lecture to the jury in a confusing and rambling manner almost devoid of the usual question and answer format. Dr. Shamos's long-winded and painful speeches were certainly credibility factors for the jury to weigh. On cross-examination, Dr. Shamos admitted that he had not purchased or used a Roku player or TV for this case, had not downloaded or used any of the accused tools, did not prepare testing protocols or physically run or conduct any tests on the accused tools, did not speak to a single channel developer, did not review all the source code Roku made available, did not make an SDK channel, did not make a Direct Publisher channel, and did not speak to the

15

inventors. Trial Tr. (Vol. 2), 383:14–387:12; 388:16–389:15. It was indeed very possible (and quite likely) that the jury viewed these admitted failures by Dr. Shamos (in addition to his overall demeanor before the jury) as seriously undermining his credibility and the sufficiency of ESW's evidence of infringement, leading to the jury's conclusion that ESW had not met its burden irrespective of anything Mr. Cole said.

In addition, Dr. Shamos admitted that his infringement theories relied on the presence of third party IDEs, such as the Eclipse, Atom, Sublime, and Webstorm IDEs, which Roku did not provide. *See, e.g.*, Trial Tr. (Vol. 2), 382:4–11 (admitting the Eclipse IDE was necessary to his infringement theory regarding SDK channels); 399:15–400:10 (admitting the Eclipse IDE must be downloaded from a non-Roku website); 414:11–19 (admitting Atom, Sublime, and Webstorm IDEs have to be obtained from third-party websites). This further supports the jury's verdict that Roku did not infringe because (i) Roku did not perform the respective "providing" steps of the asserted '782 Patent claims and (ii) as to claim 4 of the '718 Patent, there was not a GUI on a computer-readable medium made available by Roku that included the third party IDEs pointed to by Dr. Shamos in his infringement allegations.[11,12]

Further still, in addition to Dr. Shamos's testimony, the jury also heard testimony from Robert Burdick, Roku's Director of the Roku Developer Platform. Among other things, Mr. Burdick testified that there is no single download for SDK from Roku and that the Eclipse IDE could not be downloaded from Roku. Trial Tr. (Vol. 2), 547:11–548:5; 551:13–21; 552:4–16; *see also* Trial Tr. (Vol. 2), 394:17–395:3 (Dr. Shamos admitting Mr. Burdick had more familiarity

---

[11] Only direct infringement was at issue at trial. ESW conceded in summary judgment that there was no indirect infringement.

[12] ESW misleadingly alleges that Mr. Cole admitted that the accused software was stored on a Roku computer-readable medium. Dkt. 189 at 4 n.1. The truth is that while Mr. Cole agreed that certain accused software existed on Roku servers, he never agreed that the entire set of accused software tools necessary for ESW's infringement case was stored on Roku servers.

with how the accused tools work and operated than Dr. Shamos did and did not disagree with

Mr. Burdick's deposition testimony about how the accused tools work). Mr. Burdick also

testified that no accused tool created episodes of TV, which supported another noninfringement

argument for Roku as to claim 4 of the '718 Patent. Trial Tr. (Vol. 2), 570:15–21.

Thus, there was ample trial record basis, including as to the failures and admissions of

Dr. Shamos, to support the jury's verdict independent of Mr. Cole's testimony ESW complains

of in its motion.

E.     ROKU DID NOT VIOLATE RULE 26(E)(2)

1.     Neither of ESW's complaints regarding Mr. Cole's testimony relied on facts undisclosed to ESW during discovery

In his expert reports, Mr. Cole was clear that he would follow the Court's claim

constructions when interpreting the claims and that the Court had not construed any preamble of

the asserted claims to be limiting. Dkt. 190-5 (Cole Invalidity Report), ¶¶ 18, 44–45; Dkt. 190-6

(Cole Non-infringement Report), ¶¶ 45–46. ESW's feigned surprise at Mr. Cole's testimony that

the preamble had not been construed to be limiting therefore rings hollow and is no basis for a

new trial. *See, e.g.*, Dkt. 189 at 16. At no point in this case did ESW request the Court to

construe the preamble of claim 4—"[a] graphical user interface (GUI) residing on a computer-

readable medium for creating interactive television applications"—to be limiting. Therefore, Mr.

Cole properly testified at trial in view that the preamble was not limiting. *See Bicon, Inc. v.

Straumann Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006) ("Preamble language that merely states the

purpose or intended use of an invention is generally not treated as limiting the scope of the

claim.") (citation omitted). However, because Dr. Shamos had previously raised the issue in his

rebuttal report to Mr. Cole's Invalidity Report, Mr. Cole (who had to testify at trial on invalidity

before hearing Dr. Shamos's rebuttal) testified that even if the preamble was limiting, Rothwein

17

disclosed that language. *See* Section IV.D.1 *supra* (citing Trial Tr. (Vol. 3), 697:5–699:2; 704:7–705:9). There was no pre-trial failure to disclose Mr. Cole's treatment of the preamble, ESW did not object to Mr. Cole's testimony at trial as being allegedly inconsistent with or not disclosed in his reports, and ESW had a full and fair opportunity to cross-examine Mr. Cole at trial.

ESW's characterizations of Mr. Cole's testimony and his expert report on non-infringement as to "system" are also misleading. In that report, Mr. Cole noted the similarities and differences between then asserted claim 1 and claim 4, including that claim 1 was directed at a system and claim 4 to a "graphical user interface (GUI) residing on a computer-readable medium for creating interactive television applications" but otherwise were similar in scope. Dkt. 190-6, (Cole Non-infringement Report), ¶¶ 193–195. Mr. Cole noted that each independent claim of the '718 Patent (claims 1 and 4) outlined use of GUIs in "a two-stage development or authoring process" with the first stage being "a template author system" and the second "an episodic creator system." *See id.* at ¶ 194. Mr. Cole noted that the descriptions of the patent figures in the '718 Patent described the claimed "graphical user interface" as being "executed by a system." *See id.* at ¶ 195. Mr. Cole also extensively discussed the differences between Dr. Shamos's '718 Patent infringement read as to the accused instrumentalities (*see id.* at ¶ 189), for which read Dr. Shamos himself treated claim 4 as a system claim. *See* Section IV.D.2 *supra*. At trial, Mr. Cole testified about claim 4 consistent with the analysis and opinions in his report, which eliminates any basis under Fed. R. Civ. P. 37 to strike Mr. Cole's testimony. *See, e.g.*, Trial Tr. (Vol. 4), 672:25–673:9, 677:24–679:10, 687:11–19, 687:23–688:23, 728:25–729:11.

## 2.    Mr. Cole's testimony should not be stricken under FRE 702

ESW's alternative argument that Mr. Cole's testimony should be struck under Fed. R. Evid. 702 (Dkt. 189 at 19) should also be rejected. As discussed, ESW failed to make a *Daubert* motion before or during trial and therefore waived any ability to bring a post-verdict *Daubert*

motion. Moreover, as detailed throughout Roku's opposition herein, ESW's complaints about Mr. Cole's testimony at most go to the weight of his testimony, not to its reliability. There is thus no basis to exclude Mr. Cole's trial testimony under Rule 702.

### 3.    *Rembrandt* is easily distinguishable

ESW's Motion repeatedly cites the readily distinguishable and inapposite *Rembrandt* case for the proposition that the Court can strike the trial testimony of an expert as a sanction for failing to disclose an opinion during discovery. *See, e.g.*, Dkt. 189 at 16–19. In *Rembrandt*, prior to trial, defendant Johnson & Johnson moved to exclude Rembrandt's expert's testimony under *Daubert* (which the district court deferred) and also moved for summary judgment (which the district court denied). *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655, 658 (M.D. Fla. Jun. 4, 2012). At trial, when Rembrandt's expert faced cross-examination that his disclosed testing methods failed to meet industry standards, he testified about testing procedures than he had not disclosed in his report. *See Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1380 (Fed. Cir. 2013) ("Dr. Beebe 'suddenly changed course in the middle of cross-examination and testified that he did not follow the procedures listed in his expert report.'"; "None of this procedure was in his expert report.") (citation omitted). After the completion of the testimony from Rembrandt's expert, Johnson & Johnson renewed its motion to exclude Rembrandt's expert testimony and for judgment as a matter of law relating to that testimony. *See Rembrandt*, 282 F.R.D. at 661. The district court then post-verdict granted Johnson & Johnson's renewed in-trial motions. *Id*. The Federal Circuit concluded that the district court did not abuse its discretion. *See Rembrandt*, 725 F.3d at 1382.

Here, in stark contrast to the circumstances in Rembrandt, ***ESW never moved to exclude any portion of Mr. Cole's testimony before or during trial and did not submit a single Rule 50(a) motion for judgment as a matter of law.*** Nor did ESW object to any of Mr. Cole's

testimony as being outside the scope of his expert reports.

Moreover, *Rembrandt* cannot support ESW's belated (and waived) request to strike Mr. Cole's testimony as allegedly not disclosed during discovery because as discussed above and unlike Rembrandt's expert, Mr. Cole testified consistently with his expert reports. Nor does any inconsistency alleged by ESW rise anywhere near to the Rembrandt expert's wholesale new trial testimony (a previously undisclosed testing procedure).

### 4.    *Mar Com* **is also irrelevant**

Nor does ESW's reliance on the 9th Circuit's one page *Mar Com* decision warrant a new trial. *See, e.g.*, Dkt. 189 at 21. In that case, "Mar Com failed to make proper initial disclosures, failed to respond completely to interrogatories, failed to supplement its discovery responses and failed to comply with the sanctions order previously imposed by the court." *Mar Com Inc. v. F/V Hickory Wind*, 120 Fed. App'x. 74, 75 (9th Cir. 2005). The Ninth Circuit held that "[w]hen Mar Com expanded the scope of the case on the day of trial in direct disregard of the previously imposed sanctions order, the court abused its discretion when it made absolutely no findings regarding substantial justification and harmlessness, as contemplated by the governing rule." *Id*. No such sanctions order was issued by the Court in this case, no discovery-based objection was made as to Mr. Cole's testimony, and as detailed above, Mr. Cole adequately set forth his opinions in his expert reports and commensurately so testified at trial. Nor has ESW shown by any standard that Mr. Cole somehow defied discovery obligations and expanded the scope of this case. *Mar Com* is therefore plainly inapplicable to the facts of this case.

## V.    CONCLUSION

For all of the above reasons, ESW's Motion For A New Trial (Dkt. 189) should be denied, Roku's Motion For Entry Of Final Judgment (Dkt. 184) should be granted, and Roku's proposed Final Judgment (Dkt. 184-2) should be entered.

Dated:  May 24, 2021

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
Leisa Talbert Peschel
Texas State Bar No. 24060414
lpeschel@jw.com
Chris N. Cravey
Texas State Bar No. 24034398
ccravey@jw.com
Harris J. Huguenard
Texas State Bar No. 24099615
hhuguenard@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200

Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

David N. Deaconson
Texas Card Bar #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX  76703-0058
(254) 297-7300 Phone
deaconson@pakislaw.com

**COUNSEL FOR ROKU, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing and accompanying documents were filed on  May 24, 2021 with the clerk of Court via the Court's CM/ECF system, which will serve and notify all counsel of record.

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi