**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ESW HOLDINGS, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | **6-19-CV-00044-ADA** |
| v. | § | |
| | § | |
| **ROKU, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

Before the Court is Plaintiff ESW Holdings, Inc.'s Motion for a New Trial pursuant to Fed. R. Civ. P. 59(a)(1) which was filed on May 10, 2021. Pl.'s Mot., ECF No. 189. Defendant Roku Inc. filed its Response on May 24, 2021. Def.'s Resp., ECF No. 193. Plaintiff ESW then filed its Reply on June 1, 2021. Pl.'s Reply, ECF No. 194. After careful consideration of the Motion, the Parties' briefs, and applicable law, the Court **DENIES** ESW's Motion for New Trial.

### I. BACKGROUND

On February 8, 2019, Plaintiff ESW filed this patent infringement suit alleging infringement of United States Patent No. 7,430,718 (the "'718 Patent"). Pl.'s Compl., ECF No. 1. On May 28, 2019, Defendant Roku filed its Answer which included an affirmative defense and counterclaim of invalidity of the '718 Patent. Def.'s Answer, ECF No. 17. The Court held a jury trial for this case that began on April 5, 2021 and ended on April 9, 2021. Trial Tr., ECF No. 179–183. During trial, the jury heard testimony from Roku's technical expert Mr. J. Tipton Cole and ESW's technical expert Dr. Michael Shamos. Pl.'s Mot. at 2. After a week-long trial, the jury returned a verdict of (1) noninfringement; and (2) invalidity of claim 4 of the '718 patent. Jury Verdict, ECF No. 178.

Plaintiff's Motion centers around the infringement and invalidity opinions presented by Roku's technical expert Mr. Cole at trial. Pl.'s Mot. 1. More specifically, Plaintiff focuses on two main points: (1) Mr. Cole's alleged characterization of claim 4 of the '718 Patent as both a system claim and a *Beauregard* claim; and (2) Mr. Cole's statements that the preamble was limiting. *Id.* ESW asserts that these opinions were not properly disclosed prior to trial and that the trial statements undermine Mr. Cole's entire testimony which is the basis for Roku's infringement and invalidity arguments. *Id.*

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 59(a)(1)

"The court may, on motion, grant a new trial on all or some of the issues. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action of law in federal court." Fed. R. Civ. P. 59(a). Generally, a new trial may be granted when the trial court finds "(1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

Whether to grant or deny a motion for new trial "is within the sound discretion of the trial court." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). A "district court abuses its discretion by denying a new trial 'only when there is an absolute absence of evidence to support the jury's verdict.'" *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (citations omitted). If the evidence at trial is legally sufficient to support the jury's verdict, a district court does not abuse its discretion by denying a motion for new trial. *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016) (citations omitted).

**B. Federal Rule of Evidence 702**

Rule 702 permits the introduction of expert testimony only if it "is the product of reliable principles and methods" and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(c), (d).

**C. Federal Rules of Civil Procedure 26(e)(2) and 37(c)(1)**

Federal Rule of Civil Procedure 26(e)(2) addresses the duty to disclose and requires counsel to supplement seasonably any discovery response "if the party obtains information upon the basis of which (A) the party knows that the response was incorrect when made, or (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." Rule 26(e)(2) states that "[a] duty to supplement responses may be imposed by … agreement of the parties." Fed. R. Civ. P. 26(e)(2).

If Rule 26(e)(2) is not adhered to, Federal Rule of Civil Procedure 37(c)(1) addresses sanctions for failing to disclose and states, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016). However, the non-disclosing party is permitted to use the information when "the failure was 'substantially justified or is harmless." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (quoting Fed. R. Civ. P. 37(c)(1)). In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure, the trial court's discretion is to be guided by the consideration of four factors: (1) the importance of the evidence or witness' testimony; (2) the prejudice to the opposing

party of allowing the evidence in; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness or evidence. Fed. R. Civ. P. 26(a), (e)(1), 37(c)(1); *United States v. $9,041,598.68,* 163 F.3d 238 (5th Cir. 1998).

The court is not required to make express findings of fact or conclusions of law concerning the existence of substantial justification or harmless failure to disclose, either by the express language of Rule 37, the Advisory Committee Notes, or Fifth Circuit case law. *Id.; see also Bradley v. United States,* 866 F.2d 120, 125 (5th Cir. 1989). Such rulings by the trial court will not be disturbed on appeal absent a showing of abuse of discretion. *See Harris v. Amoco Production Co.,* 768 F.2d 669, 684 (5th Cir. 1985). Furthermore, the admission or exclusion of expert testimony is a matter left to the discretion of the trial court, and will not be disturbed on appeal unless it is manifestly erroneous. *Eiland v. Westinghouse Elec. Corp.,* 58 F.3d 176, 180 (5th Cir. 1995); *see also First Nat. Bank of Durant v. Trans Terra Corp. Intern.,* 142 F.3d 802 (5th Cir. 1998).

Moreover, the party facing sanctions under Rule 37(c) has the burden of demonstrating that a violation of Rule 26 was substantially justified or harmless. *See, e.g.*, *Maguregui v. ADP, LLC*, No. EP-16-CV-121-PRM, 2017 U.S. Dist. LEXIS 218007, 2017 WL 5473484 at *2 (W.D. Tex. Apr. 10, 2017) (excluding witnesses because of "Defendant's violation of Rule 26(a) and its failure to demonstrate that the violation was harmless or substantially justified."); *Brown v. AT&T Serv. Inc.*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. 2017) ("No response was filed asserting there was substantial justification for the non-disclosure during discovery or that this failure was harmless. Therefore, under Rule 37(c)(1), [plaintiff] is prohibited from using [the emails not produced in discovery] to support his opposition to the motion for summary judgment"); *see also Honey-Love*

*v. United States*, 664 F. App'x 358, 362 (5th Cir. 2016) (affirming exclusion of expert testimony when the district court found that the sanctioned party "did not provide any justification for the deficiencies in [the expert witness's] report.").

### III.  ANALYSIS

Plaintiff now moves for a new trial under Federal Rule of Civil Procedure 59(a) and, in the alternative, Federal Rule of Civil Procedure 37(c). Pl.'s Mot. Plaintiff asserts that a new trial is warranted on two grounds: (1) the jury's verdict is against the great weight of the evidence; and (2) a new trial is an appropriate sanction for Roku's failure to disclose aspects of Mr. Cole's trial testimony. *Id.* at 11. Adversely, Defendant asserts that Plaintiff's Motion should be denied for two reasons: (1) the entire basis of Plaintiff's Motion was waived; and (2) even if not waived, Plaintiff fails to meet the standards for granting a new trial.

The Court finds that while Plaintiff did not waive its instant arguments, Plaintiff failed to establish that it is entitled to a new trial because the jury verdict was against the great weight of the evidence or that a new trial is an appropriate sanction for Roku's failure to disclose.

**A. Waiver**

The Court first turns to Roku's waiver argument. Roku asserts that ESW waived any objection to the jury verdict because ESW did not move for a judgment as a matter of law under Rule 50(a) on any issue at trial. Def.'s Resp. at 8. In support of this waiver argument, Roku cites *Flowers*, "[i]f a party fails to move for judgment as a matter of law under *Federal Rule of Civil Procedure 50(a)* on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict *Rule 50(b)* motion **and also its right to challenge the sufficiency of the evidence on that issue on appeal**. As such, 'it is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error.'" *Id.* (bold added by Roku)

(citing *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001). However, Roku failed to take note of the last two words of its conveniently bolded quote which make clear that the in *Flowers*, the Fifth Circuit was addressing waiver of a party's "right to challenge the sufficiency of the evidence on that issue *on appeal*." *Id.* (emphasis added). Here, the Court is not addressing sufficiency of the evidence *on appeal* as this Court is not an appellate court. Roku's entire waiver argument relies on this standard for waiver on appeal.

Additionally, ESW points out that Roku is conflating a motion for judgment as a matter of law under Rule 50(b) with a Rule 59 motion for new trial. Pl.'s Reply at 1. The Court agrees. A Rule 50(b) motion requires that a Rule 50(a) motion be made at trial as a precursor, while a Rule 59 motion does not. "[M]otions for directed verdict and judgment n. o. v. are not prerequisites to a motion for a new trial." *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 769 (5th Cir. 1973); *accord, e.g.*, *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 (1st Cir. 1993) (joined by Breyer, C.J.) ("[W]aiver of the right to request a judgment n.o.v. does not prevent a party from moving for a new trial under Fed. R. Civ. P. 59(a), alleging that the verdict is against the weight of the evidence."). Additionally, "a new trial can be appropriate even when a judgment n.o.v. is not." *Rousseau v. Teledyne Movible Offshore, Inc.*, 812 F.2d 971, 972 (5th Cir. 1987) (per curiam). ESW has made clear that it is advancing a "weight of the evidence" argument under Rule 59 and not a "sufficiency of the evidence" argument implicating Rule 50. *See generally* Pl.'s Mot; *see also* Pl.'s Reply.

The Court does not find that a Rule 59(a) motion for new trial requires that an objection be made at trial or that a party first move for judgment as a matter of law under Rule 50(a). Therefore, the Court finds that ESW has not waived its right to move for a new trial under Rule 59(a).

**B. New Trial Because the Verdict was Against the Great Weight of the Evidence**

The Court now turns to the merits of Plaintiff's Motion for New Trial. The standard for granting a new trial under Rule 59(a)(1)(A) is "whether the verdict is against the great weight of the evidence." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 n.2 (5th Cir. 1998) (internal quotation marks omitted). A "verdict can be against the great weight of the evidence, and thus justify a new trial, even if there is substantial evidence to support it." *Id.* (internal quotation marks omitted). And "[t]he trial court in passing on a motion for a new trial need not take the view of the evidence most favorable to the verdict winner, . . . but may weigh the evidence." *Id.* (internal quotation marks omitted).

ESW asserts that the verdict is against the great weight of the evidence because the testimony of Roku's technical expert Mr. Cole should be stricken from the record[1] and the remaining record is insufficient to support the jury verdict. *See* Pl.'s Mot. ESW claims that Mr. Cole's testimony should be stricken under either: (1) Federal Rule of Evidence 702 for being unreliable; or (2) Rule 26(e)(2) and Rule 37(c)(1) for failure to disclose. *Id.* at 11.

First, the Court finds it important to note that Roku's Response was rife with incorrect standards and confusing references to inapplicable issues. For example, Roku asserts that ESW fails to meet the standard for granting of a new trial because "a motion for new trial must clearly show that 'a manifest error of law' occurred at the trial." Def.'s Resp. at 3. However, this is clearly not the law. As Rule 59(a) makes very clear, a new trial may be granted after a jury trial, "for any reason for which a new trial has heretofore been granted in an action of law in federal court." Fed.

---

[1]Alternatively, ESW also asserts that Mr. Cole's testimony should be afforded no weight in the Rule 59(a)(1)(A) balance as lacking in basic credibility. Pl.'s Mot. at 11. However, the Court notes that the jury, as the ultimate arbiters of the evidence, had the opportunity at trial to weigh the credibility of Mr. Cole's testimony. This Court strongly believes in the right to trial by jury as established by the 7th Amendment and, as such, it is not this Court's place to assume that the jury has not already weighed the credibility of the testimony before it. It would be improper for this Court to overturn a jury verdict on the perception of credibility of a witness when the jury has had the opportunity to consider the credibility of the testimony at trial when handing down its verdict.

R. Civ. P. 59(a). In fact, Roku cites *Simon v. United States*, which involved a motion to *alter and amend judgment* under Rule 59(e). Def.'s Resp. at 3 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1991). Because the instant Motion involves a motion for new trial under Rule 59(a), *Simon* and the standard delineated by Simon are inapposite to the instant case.

### *i. Federal Rule of Evidence 702*

ESW asks this Court to strike Mr. Cole's testimony in whole, or in part, due to multiple alleged legal flaws, and to grant a new trial because the remaining evidence weighs strongly against the verdict. Pl.'s Mot. at 15. ESW points to Federal Rule of Evidence 702, stating that expert testimony should only be permitted if it is the product of reliable principles and methods and the expert has reliably applied the principles and methods to the facts of the case. *Id.* at 18 (citing Fed. R. Evid. 702(c), (d)). ESW claims that Mr. Cole's testimony rests on elementary errors of patent law, is internally inconsistent, and is not reliable by any measure.

First, ESW claims that Mr. Cole applied differing claim scopes for his invalidity and infringement analyses of claim 4. *Id.* at 12. Second, ESW claims that Mr. Cole's infringement testimony mischaracterized the nature of claim 4. *Id.* at 14. The Court declines to find that Mr. Cole's testimony should be stricken under Federal Rule of Evidence 702.

*1. Mr. Cole's Testimony Applying Differing Claim Scopes*

It is, of course, "axiomatic that claims are construed the same way for both invalidity and infringement." S*ource Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1330 (Fed. Cir. 2003)). As the Federal Circuit has explained, "[a] patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,

239 F.3d 1343, 1351 (Fed. Cir. 2001) (quoting *Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*, 431 F.2d 539, 544 (5th Cir. 1970)).

During trial, Mr. Cole first opined on the preamble of claim 4 during his noninfringement testimony, stating that the "computer-readable medium" language contained in the preamble was limiting. Trial Tr. 673; Pl.'s Mot. at 5. However, during Mr. Cole's invalidity testimony, he stated that the Court had not construed the language of the preamble and, as such, the presumption was that the preamble was not limiting. Trial Tr. 697:10–19. Mr. Cole then used this assertion to buttress his opinion that the jury could return a verdict of invalidity because "interactive TV is only mentioned in the preamble which hasn't been determined to be limiting." *Id*. at 705:3–7. On cross-examination, counsel asked Mr. Cole whether he "applied a different claim construction for invalidity than you did for noninfringement" and Mr. Cole responded, "I don't know." *Id*. at 712:22–24, 713:1–4. During a recess between the invalidity and infringement portions of the cross-examination, the Court noted that Mr. Cole had "used different standards . . . when he did his noninfringement analysis and his invalidity analysis." *Id.* at 718:9–19. Nevertheless on re-direct, when asked if he had applied the same standard for purposes of his presentation on invalidity and noninfringement, Mr. Cole responded "Yes. I did." *Id*. at 732:12–14. ESW declined to re-cross. *Id*. at 735:1–3. At the conclusion of testimony that day, the Court asked ESW if it had anything it would like to take up with respect to Mr. Cole and ESW responded that it did not. *Id.* at 878:6–13.

While Mr. Cole stated that the preamble of claim 4 was limiting when explaining his invalidity analysis to the jury, during cross-examination, Mr. Cole sought to correct the record. *Id.* at 697:10–19.; 719:6–8 ("Excuse me. I'm sorry. I think that I answered some of your questions incorrectly on the '718 patent. I don't know how to correct the record."). On re-direct, Cole clarified his opinion regarding the preamble of claim 4 by explicitly stating that he applied ordinary

meaning for his noninfringement opinion and that he applied the same standard for his invalidity opinion. *Id.* at 731:24–732:5; 732:12–14 ("Q. Did you apply the same standard for purposes of your presentation on invalidity and noninfringement to the jury? A. Yes. I did."). Seemingly satisfied with Mr. Cole's answer, ESW declined to re-cross Mr. Cole on the apparently inconsistent statements. *See generally*, Trial Tr.

Mr. Cole's seemingly inconsistent testimony is better characterized as a misstatement and inadvertent error at trial which he attempted to correct, rather than an outright application of differing standards to invalidity and noninfringement. While, such waffling statements may inform Mr. Cole's credibility, the Court does not find inconsistency in his analysis to such an extent that Mr. Cole's whole opinion would be found unreliable. Federal Rule of Evidence 702 mandates that an expert opinion be the product of reliable principles and methods and that the expert has reliably applied the principles and methods to the facts of the case.

ESW failed to establish that the totality of Mr. Cole's inconsistent statements demonstrated that Mr. Cole's unequivocal opinion was that the preamble of claim 4 was limiting for infringement and non-limiting for invalidity which might result in an expert opinion that was the product of unreliable principles. Mr. Cole's ultimate opinions remained unchanged from his expert report made before trial. Additionally, the Court notes that ESW did not file a *Daubert* motion as to Mr. Cole's reliability before trial based on Mr. Cole's expert report—the Court finds this indicative of the fact that ESW finds no issue with Mr. Cole's reliability based on the opinions rendered in his expert report. Therefore, the Court finds no violation of Federal Rule of Evidence 702 regarding Mr. Cole's ultimate opinions on whether the preamble of claim 4 is limiting.

*2. Mr. Cole's Mischaracterization of Claim 4*

ESW also finds fault with Mr. Cole's use of the term "system" during his testimony regarding claim 4. Pl.'s Mot. Neither Party contests that claim 4 is a *Beauregard* claim reciting a tangible article of manufacture: a computer readable medium that contains a computer program. *See* Pl.'s Mot; *see also* Def.'s Resp. ESW notes that Mr. Cole described claim 4 as a "system" nine times throughout his testimony and that by doing so improperly misclassified claim 4 as a system claim. Pl.'s Mot. at 14.

However, the Court finds that Mr. Cole's use of the term "system" did not serve as a misclassification of claim 4. While Mr. Cole's use of the term "system"—a widely recognized patent term of art with a precise, specialized meaning in the context of patent litigation—may not have been advised or proper, Mr. Cole's analysis did not serve to recharacterize the claim as imposing system requirements. The substance of Mr. Cole's testimony was that claim 4 was directed at an interface residing on a computer-readable medium. Trial Tr., 672:25–673:6 ("Claim 4 is another independent claim. It's discussing a system—or it's expressed as a graphical user interface residing on a computer-readable medium, and we treat that like a system."); 728:25–729:11 ("Q. Okay. Claim 4 is a Beauregard claim or computer medium claim?; A. Yes."). Importantly, while ESW chose to cross-examine Mr. Cole on his use of the term "system," ESW failed to raise Mr. Cole's alleged mischaracterization of claim 4 at trial through objection or motion. *Id.* at 728:25-729:11.

The Court is not persuaded that both of the alleged errors committed by Mr. Cole were so fundamental as to render them unreliable and warrant the striking of Mr. Cole's testimony in its entirety now, when such apparent errors did not warrant an objection or any further action from ESW at trial. In fact, the Court finds it difficult to believe that ESW was so shocked by the "fundamental errors" when it declined to cross-examine Mr. Cole as to his inconsistent application

of standards regarding the preamble of claim 4 and chose to only ask two questions on his use of the term "system" during ESW's cross-examination of Mr. Cole. *Id; see Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 883 (5th Cir. 2013) (concluding that district court did not abuse its discretion by denying motion for a new trial where movant "had the chance to highlight and dispute these errors through 'vigorous cross-examination' and the 'presentation of contrary evidence'"). Therefore, the Court declines to strike Mr. Cole's testimony as unreliable under Federal Rule of Evidence 703.

### *ii. Rule 26(e)(2) and Rule 37(c)(1)*

Rule 26(e)(2) describes an expert witness's duty to supplement and provides, "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 37(c)(1) delineates sanctions for failing to disclose or supplement, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was *substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Once violation of Rule 26(e) is established, the burden shifts to the party facing sanctions. *Maguregui*, 2017 WL 5473484 at *2. This party must establish that the violation was "substantially justified or harmless." *Id.;* Fed. R. Civ. P. 37(c).

ESW asks this Court to strike Mr. Cole's testimony under Rule 37(c)(1) because "he did not disclose in his pretrial disclosure that he viewed the preamble of claim 4 of the '718 patent as non-limiting and that he considered claim 4 to be a system claim. . ." Pl.'s Mot. at 11. ESW claims that these omissions lacked any "conceivable justification and that seriously prejudiced ESW." *Id.*

The Court has already addressed that it does not consider Mr. Cole's use of the term "system" to describe claim 4 as imposing system requirements in his analysis. *See supra* Subsection 2. Therefore, there was no failure to disclose because Mr. Cole did not recharacterize

claim 4 as a system claim in contention with his pretrial disclosure. In regard to Mr. Cole's opinion that the preamble of claim 4 was not limiting, the Court finds that this opinion was undisclosed. However, the Court finds that this non-disclosure was harmless.

*1. Roku's inapplicable arguments*

Roku argues that Mr. Cole's testimony does not violate Rule 26(e) because Mr. Cole's testimony "relied on facts undisclosed to ESW during discovery", "Mr. Cole's testimony should not be stricken under FRE 702", and that ESW's cited cases are distinguishable or irrelevant to the instant case. *See* Def.'s Mot. Roku makes no argument as to whether Mr. Cole's undisclosed opinion was justified or harmless; nevertheless, the Court finds that Mr. Cole's undisclosed opinion regarding the preamble of claim 4 was harmless.

First, Roku claims that it did not violate Rule 26(e) because "neither of ESW's complaints regarding Mr. Cole's testimony relied on facts undisclosed to ESW during discovery." Def.'s Mot. at 17. Rule 26(e) makes clear that "*[a]ny* additions or changes" to the pretrial disclosure must be disclosed by the party. Fed. R. Civ. P. 26(e)(2) (emphasis added). Whether the underlying facts of an expert's opinion were disclosed or not has no bearing when analyzing whether there was a violation of Rule 26(e). ESW claims now that Mr. Cole's opinion that he viewed the preamble of claim 4 as non-limiting was undisclosed. Pl.'s Mot. at 15. The Court notes that Mr. Cole's expert report does not include an opinion that the preamble of claim 4 is non-limiting in the context of his invalidity analysis. This satisfies the low threshold of "any additions or changes" required for violation of Rule 26(e). Therefore, the Court finds that Mr. Cole's opinion that the preamble of claim 4 is non-limiting in the context of his invalidity analysis was not disclosed in accordance with Rule 26(e)(2).

Second, Roku includes "Mr. Cole's testimony should not be stricken under FRE 702" as an argument for why it did not violate rule 26(e)(2). *See* Def.'s Mot. at 17–18. However, Federal Rule of Evidence 702 has no bearing on whether there was a violation of Rule 26(e).

Third, Roku rebuts that ESW's cited cases *Rembrandt* and *Mar Com* are either distinguishable or irrelevant to the instant case. Def.'s Mot. at 19–20. Roku addresses *Rembrandt* in the context of waiver pointing out that ESW failed to move to "exclude any portion of Mr. Cole's testimony before or during trial and did not submit a single Rule 50(a) motion for judgment a matter of law. Nor did ESW object to any of Mr. Cole's testimony as being outside the scope of his expert reports." Def.'s Resp. at 19. The Court notes that ESW could not, by definition, have moved to exclude *before* trial because the essence of ESW's complaint is that Mr. Cole's testimony was undisclosed in the *pretrial* disclosures. Therefore, the Court awards no weight to Roku's argument that Roku waived its objection by failing to move to exclude before trial.

More importantly, the Court notes that Roku failed to cite any applicable law on waiver in the context of Rule 26(e)(2) or Rule 37. Roku merely baldly notes that,

> "prior to trial, defendant Johnson & Johnson moved to exclude Rembrandt's expert's testimony under *Daubert* . . . and also moved for summary judgment. . . . Johnson & Johnson renewed its motion to exclude Rembrandt's expert testimony and for judgment as a matter of law relating to that testimony."

Def.'s Mot. at 19. (citing *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655 (M.D. Fla. Jun. 4, 2012)). The Court does not find the fact that Johnson & Johnson merely took certain actions in *Rembrandt* as imposing a requirement to move to exclude during trial or submit a Rule 50(a) motion to avoid waiver, especially when the Federal Circuit did not even address preservation of error in *Rembrandt*. Therefore, the Court is unpersuaded by Roku's unsupported attempt at a waiver argument.

Additionally, Roku asserts that *Mar Com* is irrelevant to the instant case. However, the Court does not understand Roku's desire to discredit *Mar Com* as ESW merely cites *Mar Com* in one sentence in support of the sentiment that a new trial would be a lesser and more appropriate sanction than rendering a default judgment. Pl.'s Mot. at 10, 20.

*2. The Court sua sponte finds that Roku's failure to disclose was harmless*

Despite Roku's failure to address the applicable standard for harmlessness and failure to disclose in the context of Rule 26(e)(2)[2], the Court *sua sponte* finds that Roku's failure to disclose was harmless. This Court has broad discretion to make whatever rulings that are just in light of the facts of the particular case. *Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).

In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure, the trial court's discretion is to be guided by the consideration of four factors: (1) the importance of the evidence or witness' testimony; (2) the prejudice to the opposing party of allowing the evidence in; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness or evidence. Fed. R. Civ. P. 26(a), (e)(1), 37(c)(1); *United States v. $9,041,598.68,* 163 F.3d 238 (5th Cir.1998).

The Court's finding of harmlessness is predicated on the fact that Mr. Cole's undisclosed testimony can be characterized as a misstatement that was mitigated by various equivocal statements tithering back and forth, the resulting lack of prejudice to ESW, ESW's failure to complain about the undisclosed statements at trial when the alleged harm could have been easily

---

[2]The Court notes that Roku asserts that Mr. Cole's testimony regarding the preamble of claim 4 is not in itself harmful error in the context of determining whether the verdict was against the great weight of the evidence. The Court finds that such arguments are informative in determining whether Roku's failure to disclose was harmless.

remedied in multiple ways, and that disclosure of Mr. Cole's statements prior to trial would have been impossible.

It is clear from the record that Mr. Cole stated that the preamble of claim 4 was limiting when explaining his invalidity analysis to the jury. Trial Tr. 697:10–19. However, during cross-examination, Mr. Cole sought to correct the record. *Id.* at 719:6–8 ("Excuse me. I'm sorry. I think that I answered some of your questions incorrectly on the '718 patent. I don't know how to correct the record.") On re-direct, Cole clarified his undisclosed opinion regarding the preamble of claim 4 by explicitly stating that he applied ordinary meaning for his noninfringement opinion and that he applied the same standard for his invalidity opinion. *Id.* at 731:24–732:5; 732:12–14 ("Q. Did you apply the same standard for purposes of your presentation on invalidity and noninfringement to the jury? A. Yes. I did."). Seemingly satisfied with Mr. Cole's answer, ESW declined to re-cross Mr. Cole on the apparently inconsistent statements. *See generally*, Trial Tr.

Mr. Cole's undisclosed testimony is better characterized as a misstatement and error on Mr. Cole's part than an undisclosed opinion lending ESW to be prejudiced by the lack of opportunity to conduct discovery to combat such an opinion. Roku did not intend nor was it to know that Mr. Cole would make such a mistake and deviation from his pretrial disclosures at trial. Importantly, if the Court were to strike Mr. Cole's mistaken testimony and grant a new trial, it would do little to change the outcome—Mr. Cole's core analysis and opinion would remain unchanged, no additional discovery would be taken, and ESW would make no changes at trial. Applying such a sanction would do nothing to achieve the objectives of fairness.

Ultimately, the Court finds that the inconsistent statements speak more towards a question of credibility than harm due to non-disclosure. Notably, ESW states "Cole's fundamentally improper and legally erroneous testimony lacks *credibility* and should be disregarded in its

entirety" Pl.'s Resp. at 10 (emphasis added). It is well established that "it is the function of the jury as the traditional finder of the facts and not for the Court, to weigh *conflicting evidence* and inferences, and determine the credibility of witnesses." *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669 at 676 (5th Cir. 2016) (emphasis added). It was clear to the jury that there was conflicting evidence at trial, and it is not the Court's place to disturb a verdict that has already taken such conflict into consideration.

ESW appeared to follow a similar line of reasoning during closing arguments, "[b]ut all of those things go to the credibility of [Mr. Cole's] testimony . . . And if using your commonsense and your knowledge of human nature, that will guide you to decide who was credible and who wasn't." Trial. Tr., 956:24–957:5; 991:3–10. With this closing argument, ESW put the credibility of Mr. Cole's testimony and weight of the evidence in the hands of the jury. ESW now comes to this Court, after making such statements at trial, attempting to undermine the jury's decision because of an unfavorable outcome.

Additionally, the Court finds it difficult to find harm when ESW itself made no complaints about the allegedly harmful statements and made no attempt to address such statements during a re-cross of Mr. Cole. *See generally* Trial Tr. While ESW's lack of action does not serve as waiver as Roku claims, the Court does find ESW's lack of action probative of the lack of prejudice ESW would suffer should this Court decline to strike Mr. Cole's testimony now. The Court is unpersuaded that ESW would be so prejudiced when ESW chose not to: object at trial, move to strike any portion of the testimony at trial, seek curative instruction, raise a *Daubert* challenge, request a construction on whether the preamble of claim 4 was limiting, or request a jury instruction regarding the preamble of claim 4.

The Court will not allow ESW now to cry that it has been wronged during trial when it did not make its displeasure apparent at a time when the issue could have been easily remedied, but instead chose to sit on its laurels and only to speak after the jury had rendered a verdict against it.

Therefore, the Court finds that while Roku failed to disclose Mr. Cole's statement that the preamble of claim 4 was limiting for his invalidity analysis, the nondisclosure was harmless.

### C. New Trial as Sanction Under Rule 26(e)(2) and Rule 37(c)(1)(C)

Finally, ESW asks this Court to grant new in itself as a sanction under Rule 37(c)(1)(C) for Roku's alleged violation of Rule 26(e)(2). Pl.'s Mot. at 19. In its argument, ESW lists multiple, more serious sanctions and presents a new trial as the lesser of the two evils. *Id*. at 20. ESW reiterates that Cole's alleged failure to disclose his supplemental views hindered ESW's ability to "[take] appropriate action." *Id.* As the Court has not found Roku's actions to warrant sanctions in the form of striking Mr. Cole's testimony, the Court cannot justify granting a new trial based on the same argument. Mr. Cole's supplemental opinions are considered harmless and, therefore, no sanctions pursuant to Fed. R. Civ. P. 37(c)(1)(C) are necessary.

### IV. CONCLUSION

Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59(a) and, in the alternative, Federal Rule of Civil Procedure 37(c). Pl.'s Mot. Granting new trial is highly discretionary and while the Court does not find that Plaintiff waived the basis of its Motion, the Court also does not find that the verdict was against the great weight of the evidence or that granting a new trial is an appropriate sanction for Roku's failure to disclose.

The Court's instant findings are predicated heavily on the actions of the parties during trial. During trial, the Court gave ESW an exceptional opportunity to raise *any* issue with Mr. Cole's trial testimony by going out of its way to ask, "is there was anything the plaintiff would like to

take up with respect to Mr. Cole" at the conclusion of Mr. Cole's testimony. Trial Tr. at 878:9–10. ESW's response of "[n]o, your honor" was demonstrative of its posture throughout trial regarding its instant complaints. Trial Tr. at 878:12. The Court is unconvinced that ESW can characterize any of Mr. Cole's statements as "egregious," for truly egregious testimony would have certainly elicited some sort of response at trial. Pl.'s Mot. at 18.

As the public places its trust in the judicial system and the outcomes thereby produced, this Court also places the utmost trust in the jury's ability to ascertain the credibility of the witnesses and assign appropriate weight to certain testimonies. A retroactive reweighing of the evidence or striking of certain testimonies by this Court, without substantial justification, would be a violation of that trust. This Court places great esteem in the right to trial by jury as established by the Seventh Amendment and the outcomes thereby produced.

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for New Trial. SIGNED this 24th day of August, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE